OHIO VALLEY CONSTRUCTION COMPANY, ET AL.

V.

RAYMOND JACKSON

Record No. 840623

September 6, 1985

Present: All the Justices

*Edward H. Grove, III (Brault, Geschickter, Palmer & Grove, on brief), for appellants.*

*Lawrence J. Pascal (Ashcraft & Gerel*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

In this employer's appeal from a workers' compensation award, we consider whether the evidence supports the Industrial Commission's finding that the claimant's injury, sustained in an industrial accident, aggravated his pre-existing spinal stenosis and, thus, was causally related to his disability.

Raymond Jackson, a laborer employed by Ohio Valley Construction Company, sustained a disabling injury to his back in an industrial accident that occurred on January 21, 1980. The employer and its insurance carrier, Lumbermen's Mutual Casualty Company, acknowledged that the injury, diagnosed as a lumbosacral sprain, was compensable and commenced payment of disability benefits effective January 30, 1980.

In a medical report dated March 17, 1981, Dr. Stephen M. Levin, an orthopedic specialist, stated that "Mr. Jackson shows no evidence of organic injury . . . relating to the injuries he sustained in January 1980". The employer suspended payments, and Jackson applied for a hearing. The Commission entered an order awarding benefits "beginning January 30, 1980 through March 17, 1981 on which date this award is vacated and set aside."

On January 4, 1982, Jackson filed an application for a hearing, alleging a change in condition. The Commission found "no change in the pathology of the claimant's injury" and denied the claim.

Jackson filed another change-in-condition claim on October 19, 1982. The claims division declined to refer the case to the hearing docket. The Commission reversed this decision, a hearing was conducted, the deputy commissioner awarded "compensation for total work incapacity", and upon review, the full Commission affirmed the award.

In a medical report dated February 21, 1983, Dr. Marriott C. Johnson, the treating orthopedist, noted "a suggestion of radicular symptoms this past couple of months" and that "a CT scan has been ordered to look at his L4-5, S 1 discs". By letter dated March 3, 1983, Dr. Johnson reported:

The CT scan of the lower lumbar spine does show evidence of some spinal stenosis there which would explain his chronic low grade symptoms and vague nerve root irritation. Unfor-

tunately this type of problem is not caused by injury, but a pre-existing problem definitely would make him much more susceptible to symptom complex with aching and pain and irritation of his nerves following this type of injury.

In his work restriction evaluation, Dr. Johnson affirmed that Jackson's impaired condition was related "to the on-the-job injury of 1/21/80."

On appeal to this Court, the employer contends that Jackson's disability resulted from a natural progression of spinal stenosis and that "the full Commission's finding that claimant's industrial accident aggravated claimant's unrelated underlying condition was not supported by the evidence."

■ When an injury sustained in an industrial accident accelerates or aggravates a pre-existing condition, death or disability resulting therefrom is compensable under the Workers' Compensation Act.

When it is established that an accident to an employee activates an undeveloped and dangerous physical condition with mortal consequences, such accident is properly considered the proximate cause of the fatality. Causal connection is established when it is shown that the employee has received a compensable injury which materially aggravates or accelerates the pre-existing latent disease which becomes the direct cause of death. *Justice* v. *Panther Coal Co.*, 173 Va. 1, 6, 7, 2 S.E.(2d) 333, 336.

*Rogers* v. *Williams*, 196 Va. 39, 42, 82 S.E.2d 601, 602-03 (1954), *cited with approval in Lilly* v. *Shenandoah's Pride Dairy*, 218 Va. 481, 483, 237 S.E.2d 786, 787 (1977); *accord Liberty Mutual Ins. Co.* v. *Money*, 174 Va. 50, 4 S.E.2d 739 (1939).

■ Obviously, the Commission interpreted the medical reports of the treating physician to mean that, because of Jackson's pre-existing spinal stenosis, he was more susceptible to nerve irritation following a lumbosacral sprain and that Jackson's total work disability was the result of aching and pain associated with nerve irritation caused by his industrial injury. Such an interpretation justifies the Commission's finding that "the claimant suffered from a dormant pre-existing condition which was aggravated by his industrial injury" and that the aggravated condition "causes his current disability".

█ We cannot say that the Commission's interpretation of the medical evidence was plainly wrong. Based upon that interpretation, the Commission found that the claimant had suffered a change in condition causally related to the injury sustained in the industrial accident. That was a finding of fact, binding on appeal, and we will affirm the award.

*Affirmed.*