COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BLOCKBUSTER VIDEO/WJP VIDEO
AND
ROYAL INSURANCE COMPANY

MEMORANDUM OPINION[*]
v.   Record No. 2272-95-1                        PER CURIAM
FEBRUARY 6, 1996
SHEREE A. LUDWIG-TILLER


FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

(James C. McCaa, III; Taylor & Walker, on
brief), for appellants.

(William W. Nexsen; Timothy P. Murphy;
Stackhouse, Smith & Nexsen, on brief), for
appellee.


Blockbuster Video/WJP Video and its insurer (hereinafter
collectively referred to as "employer") appeal from a decision of
the Workers' Compensation Commission awarding compensation to
Sheree A. Ludwig-Tiller.  Employer contends that the commission
erred in finding that Ludwig-Tiller's November 19, 1993
compensable injury by accident caused an exacerbation of her
pre-existing bipolar condition.  Finding no error, we affirm the
commission's decision.

On appeal, we view the evidence in the light most favorable
to the prevailing party.  R.G. Moore Bldg. Corp. v. Mullins, 10
Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual
determination of causation is a factual finding that will not be

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

An employee who is injured in a work-related accident, and whose injuries aggravate or exacerbate a pre-existing condition resulting in disability, is entitled to compensation for the disability. Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985). Ludwig-Tiller received a broken leg, multiple contusions, and a head injury in a compensable automobile accident, which injuries subsequently caused a chemical imbalance and depression and aggravated her pre-existing bipolar disorder, causing her to be disabled from working.

In an April 5, 1994 report, Dr. Richard B. Ellis, Ludwig-Tiller's treating neuro-psychiatrist since 1992, opined as follows:

> It is probable that the motor vehicle accident with its associated physical disability and emotional distress at a highly and demanding time of year contributed substantially to the patient's exacerbation of illness. As with other medical illnesses, such as diabetes or asthma, significant stressors can cause a recurrence of symptoms in bipolar disorder. Prior to the accident she had stabilized to the point of requiring followup appointments only every three months for medication refills. With the added physical and emotional distress, she showed a definite decline in her mood and level of functioning.

2

As fact finder, the commission accepted Dr. Ellis' opinion and rejected the contrary opinion of Dr. Paul Mansheim, who performed a review of Ludwig-Tiller's medical records at employer's request. Moreover, the commission noted that Dr. Mansheim based his opinion on an inaccurate recitation of Ludwig-Tiller's history. In cases of conflicting medical evidence, "[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). Dr. Ellis' opinion constitutes credible evidence to support the commission's decision. "The existence of contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In addition, employer executed a memorandum of agreement four months after the industrial accident, acknowledging its liability for medical expenses and disability related to Ludwig-Tiller's compensable "head injury, chemical imbalance, [and] depression." The commission entered an award for Ludwig-Tiller's disability as a result of these injuries. The medical records, the memorandum of agreement, and award support the commission's finding that the parties "were fully informed as to [Ludwig-Tiller's] ongoing physical and mental complaints and agreed that her chemical imbalance and depression were caused by the

industrial accident."  The evidence and the award support the commission's decision.

As to the employer's argument that Ludwig-Tiller's bipolar disorder did not qualify as an "injury by accident," but rather constituted an ordinary disease of life, which, if exacerbated, was not compensable under the Act, the employer did not raise these issues before the commission.  Accordingly, we will not consider these arguments for the first time on appeal.  Green v. Warwick Plumbing & Heating Corp., 5 Va. App. 409, 413, 364 S.E.2d 4, 6 (1988); Rule 5A:18.

For the reasons stated, we affirm the commission's decision holding employer responsible for the cost of medical treatment related to Ludwig-Tiller's bipolar condition and any subsequent disability.

Affirmed.