COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

YORK COUNTY PUBLIC SCHOOLS and
 VIRGINIA MUNICIPAL GROUP
 SELF–INSURANCE ASSOCIATION

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0384–97–1   JUDGE NELSON T. OVERTON
                                      SEPTEMBER 23, 1997
DOLLIE M. MARSHALL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Cecil H. Creasey, Jr. (Sands, Anderson,
              Marks & Miller, on brief), for appellants.

              Hugh B. McCormick, III (Patten, Wornom &
              Watkins, L.C., on brief), for appellee.


     York County Public Schools (employer) appeals from a

decision of the Workers' Compensation Commission awarding Dollie

Marshall medical and permanent partial disability benefits for a

work-related knee injury.  Finding credible evidence in the

record to support the commission's decision, we affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, we recite only those facts necessary to the

disposition of this appeal.

     On April 28, 1994, Mrs. Dollie Marshall twisted her leg in a

standing pool of water while at work.  This twisting tore the

medial and lateral meniscus of her knee.  Mrs. Marshall also

_____

     [*]Pursuant to Code § 17–116.010 this opinion is not
designated for publication.

suffered from a torn anterior cruciate ligament (ACL), but this injury pre-existed the accident. Both parties have stipulated that Mrs. Marshall has suffered a compensable injury to her knee, and the only issues on appeal concern treatment of the torn ACL relative to the injuries suffered during the accident.

Dr. Treishmann, Mrs. Marshall's orthopedic surgeon, testified that the meniscus tears destabilized her knee. While he had already performed surgery to correct these tears, a further operation is necessary to repair the torn ACL in order to prevent future deterioration of the knee. He testified that the destabilization would not have occurred but for the accident and resulting torn meniscus. Accordingly, the commission awarded Mrs. Marshall future medical benefits and 25% permanent partial disability; the amount directly attributable to the meniscus tear and not the ACL tear.

Guided by well-established principles, we construe the evidence in the light most favorable to the party prevailing below. See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). The commission's findings of fact will not be disturbed on review if there is credible evidence to support them. See Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993); Ogden Allied Aviation v. Shuck, 17 Va. App. 53, 55, 434 S.E.2d 921, 922 (1993). In cases involving pre-existing injuries, the law is clear: "If the accident accelerates or aggravates a pre-existing

2

diseased condition, the injured party is entitled to compensation." Liberty Mutual Ins. Co. v. Money, 174 Va. 50, 55-56, 4 S.E.2d 739, 741 (1939); Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 334 S.E.2d 554 (1985). The fact that the accident alone would not have caused the injury without the pre-existing injury is immaterial. Money, 174 Va. at 55, 4 S.E.2d at 741.

Employer first asserts that the ACL tear, and impairment of the knee flowing therefrom, is not causally related to the work-related injury and is, thus, not compensable. However, Dr. Treishmann testified that the ACL tear alone did not substantially affect Mrs. Marshall's knee, but that it was the combination of the two injuries which severely impaired her use of the limb. Because that determination is supported by credible evidence, it is binding and conclusive on appeal. See Greif Cos./ Genesco, Inc. v. Hensley, 22 Va. App. 546, 552, 471 S.E.2d 803, 806 (1996).

Employer next asserts that the permanent partial disability award was improper because Mrs. Marshall had not proven the extent of the impairment. He reasons that because Dr. Treishmann has recommended further surgery to correct the torn ACL, Mrs. Marshall cannot have reached her maximum medical recovery until after the surgery. Yet the record indicates that the recommended surgery will not effect an improvement to her condition. It will merely cause a "slowing down or prevention of further

3

deterioration."  Consequently, Dr. Treishmann was free to conclude, and the commission was free to believe, that Mrs. Marshall had reached maximum medical recovery.

Employer finally contends that Dr. Treishmann is only guessing at the level of impairment to her knee, so no award should be made.  Dr. Treishmann, like any physician, makes estimates regarding all aspects of patient condition and treatment.  He bases these estimates on his education, many years of experience as an orthopedic surgeon, and his first-hand examination of Mrs. Marshall.  When the commision made its finding it considered Dr. Treishmann's estimate, the records upon which he based his estimate and, most importantly, the fact that appellants presented no evidence contrary to Dr. Treishmann's estimate.  Since there was credible evidence in support of the commission's resolution of this issue, we find no merit in employer's argument that the award was contrary to law and the evidence.  See Boblett v. Commonwealth, 10 Va. App. 640, 652, 396 S.E.2d 131, 137 (1990).

Accordingly, the decision of the commission is affirmed.

Affirmed.