COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner


A. D. STOWE AND
 RELIANCE NATIONAL INDEMNITY COMPANY

                              MEMORANDUM OPINION[*] BY
v.    Record No. 2704-98-1    JUDGE RUDOLPH BUMGARDNER, III
                                   APRIL 27, 1999
OTIS WAYNE RICKS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Darlene P. Bradberry; Breeden, MacMillan &
            Green, P.L.C., on briefs), for appellants.
            Appellants submitting on briefs.

            (Carlton F. Bennett; Bennett and Zydron,
            P.C., on brief), for appellee.  Appellee
            submitting on brief.


     A. D. Stowe, Inc. appeals a Virginia Workers' Compensation

Commission decision affirming the deputy commissioner's finding

that Stowe was responsible for Otis W. Ricks's medical

treatment.  Stowe contends that the commission erred in finding

(1) substantial evidence of a causal relationship between the

July 1997 accident and claimant's treatment and disability; (2)

sufficient evidence to support Stowe's responsibility for

Ricks's medical treatment; (3) Stowe was not prejudiced by the

striking of its defenses, its inability to cross-examine Ricks,

and call its witnesses; and (4) there was no mutual mistake as

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

to employee's average weekly wage.  For the following reasons, we affirm the commission's decision.

On November 26, 1996, Ricks, while employed by Heitpas Construction Company, fell approximately 28 feet (first fall). Ricks suffered a grade 1 acromioclavicular (AC) separation of the left shoulder and other injuries.  Ricks began treatment with orthopedic surgeon Dr. Lawrence Shall on January 22, 1997. On February 18, 1997, Dr. Shall performed surgery to Ricks's left shoulder which he described as arthroscopy and subacromial decompression.  Heitpas agreed that the injury was compensable and awarded Ricks temporary total disability benefits from November 26, 1996 through March 26, 1997.  Ricks returned to full-duty work April 17, 1997.  Ricks did not miss any work even though he still experienced some pain in his shoulder.

Dr. Shall testified that Ricks suffered a torn ligament and a dent on the back of the humerus bone as a result of the first fall.  Until April 17, 1997, Ricks's visits were "routine post-op" but he was still complaining of pain, which was unusual.  At this visit, Ricks was given a cortisone injection for residual bursitis.  During a May 12, 1997 office visit, Ricks complained of pain in a new area, which Dr. Shall termed a "new finding," and was given another cortisone injection.  On June 30, 1997 Dr. Shall diagnosed Ricks with distal clavicle osteolysis and believed he "might need surgery at some point in

the future. . . ." The doctor could not determine the cause of the need for the additional surgery.

On July 17, 1997, while employed by Stowe, Ricks fell and sustained an injury. He was doing some metal stud framing on scaffolding when the sheetrock beneath him broke; he fell ten feet onto his left side. Ricks testified this pain was different from, and lower than, the pain he experienced from the first fall. Dr. Shall testified that Ricks complained of pain directly over his AC joint. Dr. Shall felt that Ricks had a strain or sprain on top of his existing injury. An MRI performed August 13, 1997 showed no significant anatomical change in Ricks's condition after the second fall.

Although he had returned to work and still experienced pain from the first fall, Ricks's symptoms increased significantly after the second fall. As a result, he underwent a second surgery September 23, 1997 whereby Dr. Shall took out the end of the clavicle. Dr. Shall testified that the first fall left Ricks susceptible to the AC joint synovitis and clavicle osteolysis. Dr. Shall could not determine to a degree of medical certainty whether Ricks's condition was caused by the second fall.

Stowe's first contention is that Ricks did not establish by a preponderance of the evidence that the second fall created a new injury to the shoulder. See Code § 65.2-101. Stowe claims that Ricks's AC joint, which was corrected by surgery, did not

change after the second fall.  Thus, Stowe argues the commission erred in finding that the second fall resulted in a new shoulder injury.  We disagree.

On appeal, we construe the evidence in the light most favorable to Ricks.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The determination of causation is a factual finding that will be upheld on appeal if supported by credible evidence.  See C.D.S. Constr. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978); James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  "In determining whether credible evidence exists, [this Court will] not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Id.

The only medical testimony presented was that of the treating physician, Dr. Shall.  Dr. Shall noted Ricks's new symptoms as a result of the second fall:  a sprain or strain on top of his previous injury; a bruise on the front of his arm; and Ricks's inability to move his arm.  Ricks testified that the pain was in a new location, lower in the shoulder than the pain from the first fall.  Claimant's testimony regarding the injury

is a factor to consider in weighing the evidence. See Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) (claimant's testimony may be considered to determine causation, "especially where the medical testimony is inconclusive"). The exacerbation of a pre-existing injury constitutes a new compensable accident where it arises out of and in the course of employment. See Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985) (a new injury which exacerbates a previous condition resulting in accelerated disability is compensable).

The commission found that Ricks had sufficiently recovered from the first injury, evidenced by the fact that he had returned to full-duty work as a construction laborer on April 17, 1997. While Dr. Shall believed that Ricks might need surgery in the future, it was not scheduled until after the second fall occurred. We find sufficient credible evidence to support the commission's finding that the second injury was a new compensable injury that aggravated the pre-existing condition.

Stowe next contends that the evidence is not sufficient to support the finding that it is responsible for Ricks's medical treatment by Dr. Shall, namely the September 1997 surgery. We disagree. After the second fall, Ricks was unable to work. Dr. Shall noted that the second injury necessitated the timing of the second surgery by exacerbating and changing Ricks's

symptoms.  Where an employee's accident causes increased injury and disability, even though to the same anatomic area of a previous condition which continued to be symptomatic, the second accident establishes an independent injury under the Workers' Compensation Act where it arises out of and in the course of the employment.  See Pelerin v. Hematology and Oncology Assocs., Ltd., 67 O.I.C. 212 (1988).  The second injury can be independently compensable even though it aggravates a pre-existing condition.  We find sufficient credible evidence to support the commission's finding that Stowe is responsible for the medical treatment Ricks received after the second fall.

Stowe next contends that it was prejudiced by the striking of its defenses, the limitation of its right to cross-examine Ricks and the commission's refusal to let it call witnesses.  We disagree.

Stowe failed to proffer any of the testimony excluded from the hearings.  Where a party alleges error based on the exclusion of evidence, it must make a proffer of proof for the court to determine if he has been prejudiced.  See City of Richmond Police Dep't v. Bass, 26 Va. App. 121, 130, 493 S.E.2d 661, 665 (1997) ("Proffer facilitates appellate review of an exclusion of testimony.").  Absent a proper proffer, we are precluded from considering this issue.

Stowe argues that it was limited in its defense by the commission's refusal to allow it to cross-examine Ricks.

Stowe's defense was medical causation, and the commission limited Stowe's questioning to that defense alone.  While Stowe could have raised the defense of Ricks's misrepresentation, it did not do so.

Finally, Stowe complains that there was a mutual mistake of fact with respect to Ricks's average weekly wage.  The commission's award was based on the parties' stipulation to an average weekly wage of $540.  Parties are bound by their stipulations.  See Barrick v. Board of Supervisors of Mathews County, 239 Va. 628, 631, 391 S.E.2d 318, 320 (1990).  Stowe failed to meet its burden to produce evidence to justify vacating the stipulation.

For the foregoing reasons, we affirm the commission's decision.

Affirmed.