515 S.E.2d 348

Major Ridley OWENS

v.

VIRGINIA DEPARTMENT OF TRANSPORTA-
TION/COMMONWEALTH of Virginia.

Record No. 2793–98–3.

Court of Appeals of Virginia,
Salem.

June 15, 1999.

George L. Townsend (Chandler, Franklin & O'Bryan, on briefs), Staunton, for appellant.

(Mark L. Earley, Attorney General; Gregory E. Lucyk, Senior Assistant Attorney General; Scott John Fitzgerald, Assistant Attorney General, on brief), for appellee. Appellee submitting on brief.

Present: FITZPATRICK, C.J., and COLEMAN and LEMONS, JJ.

COLEMAN, Judge.

Major Ridley Owens appeals the Workers' Compensation Commission's decision denying him benefits for the aggravation of his Post–Traumatic Stress Disorder (PTSD), allegedly caused by the sound of a utility cover dropping behind him. The commission held that Owens failed to prove by a preponderance of the evidence that the startling sound gave rise to a compensable psychological injury by accident. According to the commission, the noise was neither out of the ordinary for

Owens's workplace nor so dramatic or frightening as to shock the conscience. Owens contends the evidence was insufficient to support the commission's finding. We disagree and affirm the commission's decision.

## BACKGROUND

During the course of his employment with the Virginia Department of Transportation, Owens was startled by the unexpected crashing sound of a utility cover dropped close behind him.

Owens, who served three combat tours in Vietnam, had been diagnosed with PTSD. Owens claimed that before the incident involving the utility cover, his PTSD was under control. His last treatment for PTSD had been eight months before this event that triggered the PTSD. Owens testified that although his job routinely exposed him to loud noises, this noise was particularly extreme, close, and unanticipated. The noise came from behind him and reminded him of gunfire he experienced in Vietnam.

Owens experienced no physical injury but was hospitalized for twelve days with a diagnosis of "acute exacerbation of his pre-existing PTSD."

## ANALYSIS

 On appeal we view the evidence in the light most favorable to the prevailing party, in this case, the employer. *See R.G. Moore Bldg. Corp. v. Mullins,* 10 Va.App. 211, 212, 390 S.E.2d 788, 788 (1990). We accept the commission's factual findings when they are supported by credible evidence. *See James v. Capitol Steel Constr. Co.,* 8 Va.App. 512, 515, 382 S.E.2d 487, 488 (1989). Unless this Court determines that, as a matter of law, Owens proved by a preponderance of the evidence that he sustained a compensable injury, the commission's contrary finding is binding and conclusive. *See Tomko v. Michael's Plastering Co.,* 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

■ To qualify as a compensable injury by accident, a purely psychological injury must be causally related to a physical injury or to a sudden shock or fright arising in the course of employment. *See Chesterfield County Fire Dep't v. Dunn,* 9 Va.App. 475, 477, 389 S.E.2d 180, 182 (1990) (citing *Burlington Mills Corp. v. Hagood,* 177 Va. 204, 209–11, 13 S.E.2d 291, 293–94 (1941)).

■ The commission determined that because the sound of the falling utility cover was neither out of the ordinary for Owens's routine working environment nor so dramatic or frightening to shock the conscience, the sound did not qualify as the type of sudden shock or fright from which a compensable injury may arise. We accept those conclusions because they are supported by credible and sufficient evidence. Owens admitted that he worked in an environment that routinely exposed him to loud noises, and the commission concluded that the sound of a falling utility cover was an expected noise for a diesel mechanic.

■ The fact that Owens previously suffered from PTSD, and that this incident only aggravated a pre-existing condition, is not fatal to his claim. *See Ohio Valley Constr. Co. v. Jackson,* 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985). However, because the aggravation was not causally related to (1) a physical injury or (2) to an obvious sudden shock or fright in the employment, the commission did not err in finding that Owens's reaction to the sound was not a compensable aggravation of a pre-existing condition.

Finding no error in the commission's decision, we affirm.

*Affirmed.*