COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


MAJOR RIDLEY OWENS
                                          OPINION BY
v.    Record No. 2793-98-3          JUDGE SAM W. COLEMAN III
                                          JUNE 15, 1999
VIRGINIA DEPARTMENT OF TRANSPORTATION/
 COMMONWEALTH OF VIRGINIA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          George L. Townsend (Chandler, Franklin &
          O'Bryan, on briefs), for appellant.

          (Mark L. Earley, Attorney General;
          Gregory E. Lucyk, Senior Assistant Attorney
          General; Scott John Fitzgerald, Assistant
          Attorney General, on brief), for appellee.
          Appellee submitting on brief.

     Major Ridley Owens appeals the Workers' Compensation

Commission's decision denying him benefits for the aggravation of

his Post-Traumatic Stress Disorder (PTSD), allegedly caused by the

sound of a utility cover dropping behind him.  The commission held

that Owens failed to prove by a preponderance of the evidence that

the startling sound gave rise to a compensable psychological

injury by accident.  According to the commission, the noise was

neither out of the ordinary for Owens's workplace nor so dramatic

or frightening as to shock the conscience.  Owens contends the

evidence was insufficient to support the commission's finding.  We

disagree and affirm the commission's decision.

BACKGROUND

During the course of his employment with the Virginia Department of Transportation, Owens was startled by the unexpected crashing sound of a utility cover dropped close behind him.

Owens, who served three combat tours in Vietnam, had been diagnosed with PTSD.  Owens claimed that before the incident involving the utility cover, his PTSD was under control.  His last treatment for PTSD had been eight months before this event that triggered the PTSD.  Owens testified that although his job routinely exposed him to loud noises, this noise was particularly extreme, close, and unanticipated.  The noise came from behind him and reminded him of gunfire he experienced in Vietnam.

Owens experienced no physical injury but was hospitalized for twelve days with a diagnosis of "acute exacerbation of his pre-existing PTSD."

## ANALYSIS

On appeal we view the evidence in the light most favorable to the prevailing party, in this case, the employer.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d, 788, 788 (1990).  We accept the commission's factual findings when they are supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Unless this Court determines that, as a matter of law, Owens proved by a preponderance of the evidence that he sustained a compensable injury, the commission's contrary finding is binding

-

and conclusive.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

To qualify as a compensable injury by accident, a purely psychological injury must be causally related to a physical injury or to a sudden shock or fright arising in the course of employment.  See Chesterfield County Fire Dep't v. Dunn, 9 Va. App. 475, 477, 389 S.E.2d 180, 182 (1990) (citing Burlington Mills Corp. v. Hagood, 177 Va. 204, 209-11, 13 S.E.2d 291, 293-94 (1941)).

The commission determined that because the sound of the falling utility cover was neither out of the ordinary for Owens's routine working environment nor so dramatic or frightening to shock the conscience, the sound did not qualify as the type of sudden shock or fright from which a compensable injury may arise. We accept those conclusions because they are supported by credible and sufficient evidence.  Owens admitted that he worked in an environment that routinely exposed him to loud noises, and the commission concluded that the sound of a falling utility cover was an expected noise for a diesel mechanic.

The fact that Owens previously suffered from PTSD, and that this incident only aggravated a pre-existing condition, is not fatal to his claim.  See Ohio Valley Constr. Co. v. Jackson, 230 Va. 56, 58, 334 S.E.2d 554, 555 (1985).  However, because the aggravation was not causally related to (1) a physical injury or (2) to an obvious sudden shock or fright in the employment, the

-

commission did not err in finding that Owens's reaction to the sound was not a compensable aggravation of a pre-existing condition.

Finding no error in the commission's decision, we affirm.

<u>Affirmed.</u>

-