COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


LINDA L. HILL
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0653-99-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        DECEMBER 28, 1999
TRAVELODGE AND
 SELECTIVE INSURANCE COMPANY
 OF AMERICA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Gregory O. Harbison (Geoffrey R. McDonald;
            Jeremy C. Sharp; Geoffrey R. McDonald &
            Associates, on briefs), for appellant.

            S. Vernon Priddy, III (William B. Judkins;
            Sands, Anderson, Marks & Miller, on brief),
            for appellees.


     In this workers' compensation case, Linda L. Hill

(claimant) appeals the commission's decision denying her

benefits for post-traumatic stress disorder (PTSD).  The

commission held that claimant's PTSD was not a compensable

psychological injury because she failed to prove either (1) it

was "causally related to an obvious sudden shock or fright"; or

(2) it was a compensable occupational disease.  On appeal,

claimant contends the evidence was insufficient to support the

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

commission's findings.  We disagree and affirm the commission's

decision.

I.

Claimant, a supervisor of housekeeping for Travelodge

(employer), testified that on August 11, 1997 she suffered a

psychological injury after being trapped in an elevator for

approximately two hours with a co-worker, Pamela Gregory.

Claimant described the incident as follows:

> All of a sudden it just stopped, . . . I
> said Pam, something's wrong, and she said
> yeah, this thing's stuck.  By that time both
> of us had really started sweating because
> there was only a light on in there.  We
> started pushing the button, the emergency
> button.  I guess about five or ten minutes
> later we heard Alice Sose calling to us
> asking us was we all right, and we kept
> telling her to get somebody to get us out.
> I guess maybe five or ten minutes later we
> could hear sirens coming.  I guess over a
> period of time the fire department came in
> and they did something, and they jarred the
> door open a little bit, and they put a fan
> up so we could get some air. . . . While we
> was in there, we were basically just shocked
> that something like this had actually
> happened and we couldn't get out without
> anyone coming to get us out.

While in the elevator, Gregory passed out.  With help from the

fire department, claimant revived Gregory by administering

oxygen and using smelling salts.  The two women were stuck in

the elevator "a little over two hours."

Claimant described her condition as follows:  "I felt like

my flesh was crawling. . . .  I just felt like I was losing

-

control of my feelings of everything.  I just felt loss, numb.
I felt sick to my stomach.  I just felt scared."  At home,
claimant experienced "anxiety attacks" and nightmares about
being "closed in somewhere."

Claimant treated with Dr. Nicolas Emiliani, a psychiatrist
who diagnosed claimant's condition as "an acute Post Traumatic
Stress Disorder . . . after she was trapped in an elevator for 2
hours."  On April 3, 1998, Dr. Emiliani signed a disability
certificate stating that claimant was totally incapacitated
beginning August 11, 1997, with an unknown recovery date.  At
the hearing, claimant admitted that she had a history of
depression beginning in 1981 and that she previously treated
with Dr. Emiliani and Dr. A.W. Durrani, a general practitioner.
Claimant was hospitalized on at least three occasions due to
severe stress and depression.

The evidence also established that claimant's father died
July 30, 1997 and that she was off work until August 10, 1997.
Don Harrington, claimant's supervisor, testified that claimant
asked for additional time from work because of "the stresses
placed on her by her family."  Diana Wright, another co-worker,
testified that when claimant returned to work on August 11,
1997, claimant "said she was under a lot of stress. . . . She
didn't say from what, but she said her doctor said she was under
a lot of stress, and I knew she had just came back because her
father died."  Wright was present when claimant was freed from

-

the elevator and overhead claimant state that "she was going to sue."

The commission held that claimant's PTSD was not a compensable psychological injury, stating the following:

> While we recognize the discomfort and anxiety experienced, we do not find that the event can be characterized as unexpected, shocking, or catastrophic. . . . The claimant does not suffer from claustrophobia and did not require any immediate medical treatment after the incident. Moreover, witness testimony casts some doubt on her alleged sudden mental deterioration after the event. Despite Dr. Emiliani's diagnosis of post-traumatic stress disorder, we do not find that the incident was so dramatic or frightening as to be shocking.

Noting that claimant had a "long-term history of psychological problems," the commission also concluded that she did not suffer from an occupational disease causally related to her employment. Accordingly, the commission denied compensation benefits.

II.

On appellate review, we view the evidence in the light most favorable to the prevailing party below. See Falls Church Constr. Corp. v. Valle, 21 Va. App. 351, 359, 464 S.E.2d 517, 522 (1995) (citations omitted). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id. (quoting Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)). Unless we can determine that Hill

-

proved as a matter of law that she sustained a compensable injury, the commission's contrary finding is binding.  See Owens v. Virginia Dept. of Transp., 30 Va. App. 85, 87, 515 S.E.2d 348, 349 (1999).

"To qualify as a compensable injury by accident, a purely psychological injury must be causally related to a physical injury or to a sudden shock or fright arising in the course of employment."  Id. at 88, 515 S.E.2d at 349 (citing Chesterfield County Fire Dept. v. Dunn, 9 Va. App. 475, 477, 389 S.E.2d 180, 182 (1990) (citing Burlington Mills Corp. v. Hagood, 177 Va. 204, 209-11, 13 S.E.2d 291, 293-94 (1941))).  Specifically, "post-traumatic stress disorder is a compensable injury" within the meaning of the workers' compensation statute "if caused by either a physical injury or an obvious sudden shock or fright arising in the course of employment."  Daniel Constr. Co. v. Tolley, 24 Va. App. 70, 77, 480 S.E.2d 145, 148 (1997).

In the present case, the incident of August 11, 1997, as described by claimant, does not rise to the level of an obvious fright or sudden shock as contemplated in Hercules v. Gunther, 13 Va. App. 357, 412 S.E.2d 185 (1991), or Burlington Mills Corp. v. Hagood, 177 Va. 204, 13 S.E.2d 291 (1941).  The commission determined that although claimant may have experienced "discomfort and anxiety" from being trapped in the elevator, the event was not "unexpected, shocking, or catastrophic" so as to qualify as a compensable psychological

-

injury.  We accept those conclusions because they are supported by credible and sufficient evidence.

Additionally, credible evidence supports the commission's determination that claimant failed to prove she suffered from a compensable occupational disease.  Here, the medical evidence demonstrated a long-term history of psychological problems, and the commission was not required to accept the opinion of the treating physician when countered by other evidence. Accordingly, we conclude that the commission did not err in finding that claimant's PTSD was not an aggravation of an ordinary disease of life.  See Owens, 30 Va. App. at 88, 515 S.E.2d at 349 (holding that the sound of a falling utility cover was not an unexpected event and that the evidence was insufficient to prove an aggravation of claimant's pre-existing PTSD).

Finding no error in the commission's decision, we affirm.

Affirmed.

-