COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Clements
Argued at Chesapeake, Virginia


REGINA BOSSONG BUTLER
                                          MEMORANDUM OPINION* BY
v.    Record No. 0282-01-1        JUDGE JEAN HARRISON CLEMENTS
                                            NOVEMBER 27, 2001
CITY OF VIRGINIA BEACH


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert J. Macbeth, Jr. (Rutter, Walsh,
            Mills & Rutter, L.L.P., on brief), for
            appellant.

            Teresa N. McCrimmon, Assistant City Attorney
            (Leslie L. Lilley, City Attorney, on brief),
            for appellee.


     Regina Bossong Butler (claimant) appeals the decision of

the Workers' Compensation Commission (commission) denying her

claim for permanent total disability benefits.  She contends the

commission erred in ruling that she failed to prove she was

unable to use her legs in any substantial degree in gainful

employment.  Finding no error, we affirm the commission's

decision.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

In reviewing the commission's decision, we view the evidence in the light most favorable to the party prevailing before the commission.  See Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998).  The commission's factual findings are conclusive and binding on appeal if supported by credible evidence in the record.  Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Therefore, unless we determine, as a matter of law, that claimant proved by a preponderance of the evidence that she was totally and permanently disabled as a result of her work-related injury, the commission's contrary decision is binding and conclusive.  See Owens v. Virginia Dept. of Transp., 30 Va. App. 85, 87, 515 S.E.2d 348, 349 (1999).

To receive permanent total disability benefits based on the loss of use of her legs, claimant had to prove that she was unable to use her legs "in any substantial degree in any gainful employment."  Virginia Oak Flooring Co. v. Chrisley, 195 Va.

- 2 -

850, 857, 80 S.E.2d 537, 541 (1954). In denying claimant's application for an award of total and permanent disability benefits, the commission found as follows:

> We believe that the claimant did not show that she was unable to use her legs "in any substantial degree in any gainful employment." The evidence clearly showed that the claimant suffered residual disability from the February 2, 1988, accident. As for the extent of her disability, Dr. Mein opined that the claimant no longer suffered from [reflex sympathetic dystrophy (RSD)], and believed that she was not totally disabled, but should undergo a functional capacity evaluation to determine her work capacity. The claimant's treating physician, Dr. Shall, agreed that the claimant's RSD was no longer "active," but was unable to opine "whether she has some ability to be gainfully employed," and recommended a functional capacity evaluation. Dr. Abbott's 1991 impairment rating notwithstanding, the 1994 functional capacity evaluation indicated that the claimant possessed the ability to use her legs in a light-duty capacity.

Addressing claimant's argument that her psychological problems contributed to her inability to work, the commission further found as follows:

> While clearly relevant in determining the extent of her disability, the evidence of the claimant's psychiatric problems did not indicate that the claimant was unable to be gainfully employed in any substantial degree as a result of the loss of use of her legs. Dr. Daniel Fisher, M.D., the claimant's treating psychotherapist, has consistently described the claimant's emotional problems as "intermittent feelings of depression." On March 6, 2000,

- 3 -

> Dr. Fisher noted that the claimant "describes intermittent feelings of depression but denies any death wishes or suicidal ideation. . . . The evidence did not show an opinion by Dr. Fisher that the claimant's emotional problems resulted in her being unable to perform gainful employment.

As fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of Dr. Mein and Dr. Fisher. Those opinions, along with the 1994 functional capacity evaluation referenced by the commission, constitute credible evidence to support the commission's findings. Furthermore, we find no persuasive medical evidence in the record of claimant's permanent incapacity to work. Thus, we cannot determine, as a matter of law, that claimant carried her burden of proving by a preponderance of the evidence that she was unable to use her legs in any substantial degree in gainful employment.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>