COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judge Elder and Senior Judge Bumgardner
Argued at Alexandria, Virginia


TINA MARIA PROCTOR SMITH

MEMORANDUM OPINION* BY
v.      Record No. 1902-10-4      JUDGE RUDOLPH BUMGARDNER, III
APRIL 19, 2011
COUNTY OF ARLINGTON AND
  PMA MANAGEMENT CORPORATION


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Lawrence J. Pascal (Alaina M. Dartt; Ashcraft & Gerel, LLP, on
brief), for appellant.

Joseph C. Veith, III (Trichilo, Bancroft, McGavin, Horvath &
Judkins, P.C., on brief), for appellees.


Tina Maria Proctor Smith appeals a decision of the Workers' Compensation Commission

finding she did not suffer a compensable psychological injury by accident. Concluding that the

evidence supported the finding, we affirm the commission's decision.

"On appeal, we view the evidence in the light most favorable to the prevailing party

before the commission." Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42

Va. App. 264, 269, 590 S.E.2d 631, 634 (2004).

On March 30, 2009, the claimant was a deputy sheriff assigned to the medical unit of the

Arlington County Jail. While performing rounds in the jail's medical center, she went into a

single cell, noticed the inmate was not moving, and detected a strong odor of urine. The

inmate's face was blue and had white, dried foam around her mouth. The claimant attempted to

wake the inmate, but the inmate was unresponsive. A nurse, who accompanied the claimant

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

during her rounds, and another deputy sheriff, Sergeant Sabin, arrived within seconds. Sergeant Sabin instructed the claimant to call 911. When the claimant returned, the sergeant told the claimant how to perform a sternum rub to revive the inmate and told the claimant to begin the procedure. Emergency personnel arrived a few minutes later and removed the inmate from the medical unit. The claimant was relieved from escorting the inmate to the hospital because she was visibly upset by the incident.

The claimant sought medical assistance from a counselor the day of the incident. In April 2009, the claimant began treatment with a psychiatrist. The psychiatrist characterized her degree of anxiety, confusion, and disability as excessive, but sincere. She was diagnosed with acute stress disorder and posttraumatic stress disorder. She continued ongoing therapy with a psychologist.

The claimant sought workers' compensation benefits. The deputy commissioner concluded claimant had not suffered a compensable injury by accident and denied the claim. The full commission affirmed the denial of the claim.

The claimant alleged a psychological injury without any accompanying physical injury. "'To qualify as a compensable injury by accident, a purely psychological injury must be causally related to a . . . sudden shock or fright arising in the course of employment.'" Anthony v. Fairfax Cnty. Dep't of Family Servs., 36 Va. App. 98, 103, 548 S.E.2d 273, 276 (2001) (quoting Owens v. Va. Dep't of Transp., 30 Va. App. 85, 88, 515 S.E.2d 348, 349 (1999)) (alteration in original). "[T]he types of precipitating events that give rise to purely psychological compensable injuries are consistently described as shocking, frightening, traumatic, catastrophic and unexpected." Id. at 103-04, 548 S.E.2d at 276.

As a deputy sheriff trained to respond to emergencies and trained in basic first aid, cardiopulmonary resuscitation (CPR), and use of an automated external defibrillator (AED)

device, responding to an inmate's medical emergency was an anticipated part of her employment, particularly while assigned to the medical unit of the jail. The claimant was confronted with an unresponsive inmate, and had approximately two minutes of contact with the inmate. Although the evidence established that inmate deaths are rare events, the evidence also established medical emergencies frequently occur in jails. Thus, we conclude the evidence supports the commission's finding that an attempt to resuscitate an inmate in apparent cardiac or respiratory arrest was not the type of unexpected event sufficient to transform a purely psychological injury into a compensable injury by accident.

For these reasons, we affirm the commission's decision.

Affirmed.