**Richmond**

CHESTERFIELD COUNTY

v.

STEVEN MICHAEL DUNN

No. 1246-88-2

Decided February 27, 1990

COUNSEL

Jeffrey L. Mincks, Senior Assistant County Attorney (Gary K. Oldehoff, Assistant County Attorney, on brief), for appellant.

Gregory S. Hooe (Traylor & Morris, on brief), for appellee.

OPINION

MOON, J.—The County of Chesterfield seeks reversal of an award of benefits by the Industrial Commission to Steven Dunn for a post-traumatic stress disorder. We reverse the award because we find no credible evidence to support the commission's finding that the disability resulted from an "injury by accident."

■ In order to establish an injury by accident, a claimant must prove: (1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change. *Lane Co. v. Saunders*, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985). In this case, there was no proof of an obvious sudden mechanical or structural change in Steven Dunn's body.

Dunn was employed by Chesterfield County as a firefighter in October 1984. He was trained as an emergency medical technician. As part of his job, he administered medical aid to injured persons. In September 1985 Dunn provided medical attention to a severely injured man at the scene of an automobile accident. The man later died. Dunn testified that, three to four days later, he began having nightmares, stomach cramps, and anxiety. After that incident, responding to medical calls began to bother him, but he continued in his job until June 1986. During the period September 1985 to June 1986, he responded to many medical calls and performed competently.

On June 17, 1986, a counselor at the County Mental Health Center advised Dunn that he was suffering from post-traumatic stress disorder created by his exposure to accident victims. In March 1987, Dunn's psychologist declared Dunn to be disabled from work as a firefighter. The psychologist reported that the September 1985 incident "precipitated" Dunn's disorder:

It seems significant that the accident which has precipitated this stress disorder was characterized by Steven [Dunn]: (1) working on the patient alone by himself (other team members outside of car) by (2) he was in a small, cramped, unknown and dark space with an accident victim whose facial appearance reminded him of a spooky movie and by (3) that he was alone in the situation for fifteen minutes.

The deputy commissioner determined that Dunn's emotional disability was not a compensable injury. Upon review, the full commission ruled that Dunn's disability was compensable as an injury by accident. In its finding, the commission stated:

The second element, an obvious sudden mechanical or structural change, was proven by the medical records which identified the multiple symptoms of the claimant, symptoms which appeared within three to five days of the incident.

From the record we are unable to find proof of any sudden mechanical or structural change in the body. As the commission observed, the first "symptoms" occurred three to five days after the incident. These "symptoms," which the commission described as manifestations of the change in Dunn's body—agitation, anxiety, panic anxiety attacks, insomnia, increased irritability, personality changes, work avoidance, nausea, diarrhea, and cramps—are not, in themselves, mechanical or structural changes in the body. Even though these "symptoms" developed three to five days after a specific incident, they do not constitute nor do they prove a sudden mechanical or structural change in the body.

In fact, the symptoms are equally characteristic of an ordinary disease of life or a gradual development of a psychological problem as an injury by accident. Prior to the enactment of Code § 65.1-46.1, which now allows for recovery for ordinary diseases of life resulting from conditions of employment, the Supreme Court created but one exception for mental disabilities resulting from employment. To be compensable as an injury by accident, a purely psychological injury must be causally related to a physical injury or be causally related to an obvious sudden shock or fright arising in the course of employment. *See Burlington Mills Corp. v. Hagood*, 177 Va. 204, 210-11, 13 S.E.2d 291, 293-94 (1941).

Because the legislature has provided recovery for ordinary diseases of life and carefully defined under what circumstances they are compensable, we should not extend *Hagood* beyond its facts. If the Workers' Compensation Act is to be extended to cover disabilities of the type experienced by Dunn, it is the legislature, not this Court or the commission, which must act.

For these reasons, the order of the Industrial Commission is reversed.

*Reversed.*

Coleman, J., concurred.

Benton, J., concurring.

I concur in reversing the decision of the commission; however, I do not join in the reasoning stated in the majority's opinion.

Virginia's Workers' Compensation Act defines "injury" to mean "injury by accident." Code § 65.1-7. Thus, "there is no occasion, as a matter of grammar, to read the phrase as if it referred to '*an* accident,' and then proceed to conduct a search for '*the* accident.'" 1B A. Larson, *The Law of Workmen's Compensation* § 37.20 (1987) (emphasis in original text). However, in *Morris v. Morris*, 238 Va. 578, 385 S.E.2d 858 (1989), the Supreme Court explained that the component of the injury by accident test, which requires an "identifiable incident that occurs at a reasonably definite time," *see Lane Co. v. Saunders*, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985), is "inevitably 'bounded with rigid temporal precision.'" *Morris*, 238 Va. at 589, 385 S.E.2d at 864. To prove a compensable injury in Virginia it thus becomes necessary to prove an accident, "e.g., . . . blows from falling objects; . . . contacts of the body with operating machinery or corrosive chemicals; falls from ladders, cat walks, and the like." *Morris*, 238 Va. at 585, 385 S.E.2d at 862. It is not sufficient to prove an accidental injury. *Id.*

The record in this case establishes that the work activity which resulted in Steven Michael Dunn's post-traumatic chronic stress syndrome spanned a period of fifteen minutes, during which time he was assisting an injured motorist in a small, cramped, dark space. *Morris* unequivocally rejects the notion that a time span, even of only several minutes, can be deemed a "reasonably defi-

nite time." *Id*. at 589, 385 S.E.2d at 864. I therefore conclude that Dunn has not proved an accident as required by *Morris*.

While it is not irrational to conclude that *Morris* can also be read to require the immediate onset of the injury, *see id.*, 238 Va. at 585, 385 S.E.2d at 862 (the Act "was originally intended to provide coverage for . . . injuries *immediately* resulting from hazards of the work place. . . .") (emphasis added), I do not read *Morris* to require, as does the majority, the immediate onset of symptoms of the injury.

The commission found that the incident caused a sudden bodily change. The suddenness test is a means of identifying an injury which manifests itself within a time reasonably related to the occurrence so as to negate the inference that the injury occurred gradually, cumulatively, or as the result of an eroding physical condition. *Lane Co.,* 229 Va. at 199-200, 326 S.E.2d at 704 (the evidence must establish whether the injury "developed suddenly, or was gradually incurred and cumulative, becoming painful only on [the day the alleged injury occurred]"). Viewed in the light most favorable to Dunn, the party prevailing below, *Crisp v. Brown's Tysons Corner Dodge, Inc.,* 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986), Dunn's testimony and the reports of Dr. Martin N. Buxton and Dr. Edward A. Peck, III, credibly establish that the onset of injury was sudden, not gradual or cumulative.

All of the evidence established that Dunn's post-traumatic stress syndrome resulted from the trauma of the rescue that he performed on September 19. Dr. Buxton, Dunn's treating physician, described in clear terms the injury that Dunn suffered:

The best way I can think of describing it to a layman would be that the human organism, the mind of the human organism is like a record, and if something occurs that is too traumatic for the mind to tolerate, it gets scratched like a record needle scratches a record if there's too much pressure on the handle. Then what happens is the human organism continues to repeat the trauma, if you would, in mind and in other ways, much like a record continues to repeat. So post traumatic stress disorder is when a person has been traumatized psychologically and cannot tolerate or get over the incident or let the event heal because the trauma was too great. And

you get into a situation where it's kind of a catch-22, because the trauma was so severe and so painful the person tries not to deal with it, and in the process of not dealing with it can't get over it.

The commission found from the testimony of Dr. Buxton, a psychiatrist, that Dunn suffered from post-traumatic chronic stress syndrome triggered by the incident on September 19, 1985. The report of Dr. Peck, a neuropsychologist, states that "the only possible causal factor" for Dunn's disorder was the incident of September 19, 1985. Only by speculating or attaching different weight to the facts can one reach a conclusion, as did the majority, that Dunn's symptoms were not the manifestation of a previous sudden mechanical or structural change in his body. Injury caused by an accident often may only be manifested by symptoms that occur at a time after the accident. *See Burlington Mills Corp. v. Hagood*, 177 Va. 204, 210-11, 135 S.E.2d 291, 293-94 (1941); *see also* 4 R. Gray, *Attorney's Textbook of Medicine* § 176.20 (3d ed. 1988) ("pain may not appear to weeks or even months" after some injuries); Render, *Mental Illness as an Industrial Accident*, 31 Tenn. L. Rev. 288, 292-93 (1964).

In holding that there was no proof of a sudden bodily change, the majority makes factual findings contrary to those of the commission. The majority's finding is based on the unsupported propositions that the proved symptoms do not establish a bodily change and that because "the first symptoms occurred three to four days after the incident" there could, in no case, be a sudden bodily change. The relationship between the symptoms and Dunn's bodily condition is a medical issue. This record contains no medical evidence which equates the onset of the symptoms with the onset of injury and the bodily change. If the evidence had proved a cognizable incident, Dunn's testimony and the medical reports were sufficient to establish the onset of injury and the bodily change in a manner sufficient to satisfy the injury by accident test.

By concluding that Dunn's "symptoms are just as characteristic of an ordinary disease of life or a gradual development of a psychological problem as an injury by accident" the majority again has ventured into the area of weighing facts, the exclusive province of the commission. Code § 65.1-98. "[I]t is fundamental that

a finding of fact made by the Commission is conclusive and binding upon this court on review." *Commonwealth v. Powell*, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986); *see also Celanese Fibers Co. v. Johnson*, 229 Va. 117, 120, 326 S.E.2d 687, 690 (1985); *Insurance Management Corp. v. Daniels*, 222 Va. 434, 438-39, 281 S.E.2d 847, 849 (1981); *Crisp*, 1 Va. App. at 504, 339 S.E.2d at 916; *McGregor v. Crystal Food Corp.*, 1 Va. App. 507, 509, 339 S.E.2d 917, 918 (1986). The majority has neither the authority nor the evidence in the record to support its finding of the facts. Even in those cases where the weight of the evidence is contrary to the commission's findings, those findings are binding on this Court. *C.D.S. Constr. Servs. v. Petrock*, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978); *Kelly v. Pendleton Constr. Co.*, 182 Va. 191, 194, 28 S.E.2d 621, 623 (1944).

For these reasons, I would reverse the commission's decision.