COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


TULTEX CORPORATION

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1526-95-2      JUDGE LARRY G. ELDER
                                       FEBRUARY 27, 1996
EDWARD SANTUK


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Martha White Medley (Daniel, Vaughan, Medley &
                Smitherman, P.C., on brief), for appellant.

                Peter McIntosh (Michie, Hamlett, Lowry, Rasmussen &
                Tweel, P.C., on brief), for appellee.



    Tultex Corporation (employer) appeals the commission's award

of benefits to Edward Santuk (claimant).  Employer asserts that

claimant failed to prove that he suffered an injury by accident

which arose out of and in the course of his employment and which

was causally related to his disability.  For the following

reasons, we affirm the commission's decision.

    Employer employed claimant as a "dryer doffer," which

required him to stand behind a dryer and move "trucks" as they

filled with clothes.  On May 31, 1994, claimant slipped on a

puddle of water while pushing a hand truck at his workplace.  As

he slipped, claimant felt a "little jerk" in his right hip.

Claimant felt pain the next day and went to the company nurse for

pain medication and ointment.  After returning to work from a

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

scheduled break from June 2, 1994 to June 4, 1994, claimant told employer that his pain had increased.

Dr. Jacob Moll examined claimant on June 13, 1994. Dr. Moll reported a history of increasing pain for two weeks after the workplace incident, diagnosed a hip strain, and recommended light duty work. Claimant returned to light duty work on June 13, 1994. Dr. Eric Korsch examined claimant on July 28, 1994, diagnosed a recurrent disk problem on the right side at the L5-S1 level and ordered an MRI. After claimant's pain became disabling in August 1994, an MRI performed by Dr. Korsch revealed degenerative disease involving the L4-5 and L5-S1 levels, a large herniated disk on the right at the L4-5 level, and a small herniated disk at L5-S1, "which appears to be recurrent." On September 20, 1994, Dr. David Kelly performed a lumbar laminectomy with decompression of the nerve root on the right at the L5-S1 level. On January 3, 1995, claimant returned to his pre-injury job.

Medical records and testimony reveal claimant had back surgery in 1982 while employed by another employer. However, from 1982 through the early 1990s, claimant performed full duty work and missed no work due to back pain. After re-injuring his back on September 25, 1992, while working for employer, doctors diagnosed claimant with chronic low back pain. On December 3, 1992, Dr. Moll stated that claimant had returned to normal strength and functioning and stated that the low back pain had

been "resolved."

Claimant applied for temporary partial disability benefits from June 23, 1994 to July 28, 1994, and temporary total benefits from July 29, 1994 through December 30, 1994. The deputy commissioner denied claimant benefits and found that claimant failed to prove that he experienced an obvious, sudden mechanical or structural change in the body and failed to prove a causal connection between the incident claimed and the bodily change. The full commission reversed the deputy commissioner's decision and awarded temporary total benefits from July 29, 1994 through December 30, 1994.

When there is credible evidence to support the commission's decision, we must affirm the decision on appeal. Rucker v. Thrift Transf., Inc., 1 Va. App. 417, 419, 339 S.E.2d 561, 562 (1986). We construe the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence failed to sustain his burden of proof, the commission's finding is binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In order to prove an injury by accident as required by Code § 65.2-101, a claimant must point to an "identifiable incident or sudden precipitating event" that results "in an obvious sudden mechanical or structural change in the body." Morris v. Morris,

238 Va. 578, 589, 385 S.E.2d 858, 865 (1989); see Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). The commission found that claimant sustained an injury by accident arising out of and in the course of his employment on May 31, 1994, when he slipped in a puddle of water. Claimant's testimony, which is largely corroborated by employer's personnel, provides ample credible evidence to support the commission's finding that an identifiable incident occurred at a definite time and that he suffered a sudden mechanical or structural change in his body. Dunn, 9 Va. App. at 476, 389 S.E.2d at 181. Thus, that finding is conclusive on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Furthermore, "[t]he actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). In this case, the medical records and opinions of Doctors Korsch and Moll provide credible evidence that link claimant's disk herniations, surgery, and disability to the May 31, 1994 injury by accident. As the commission found, the medical histories consistently reported a history of increasing pain since the workplace accident and also showed "a progressive deterioration of the claimant's condition since the accident which ultimately required surgical intervention."

Because we cannot say that the commission erred in finding

-4-

that claimant sustained a compensable injury by accident, we affirm the commission's decision.

<u>Affirmed.</u>