COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia


EDWIN KOO CHOY

v.          Record No. 2134-95-4       MEMORANDUM OPINION[*] BY
                                       JUDGE RICHARD S. BRAY
YAMATO TRANSPORT USA, INC., ET AL.          MAY 7, 1996


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Glenn S. Wainer (Robert V. Ritter; Wainer &
Ritter, P.C., on briefs), for appellant.

William C. Walker (Donna White Kearney;
Taylor & Walker, P.C., on brief), for
appellees.


Edwin Koo Choy (claimant) appeals a decision of the Workers'
Compensation Commission (commission) denying his claim for
temporary total disability benefits and related medical costs.
Claimant argues that the commission erroneously concluded that he
did not suffer a compensable accidental injury incidental to his
employment by Yamato Transport USA, Inc. (employer).  We disagree
and affirm the commission.

The parties are fully conversant with the record, and we
recite only those facts necessary to a disposition of this
appeal.

Guided by well established principles, we construe the
evidence in the light most favorable to the party prevailing
below, employer in this instance.  <u>Crisp v. Brown's Tysons Corner</u>

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Dodge, Inc.</u>, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." <u>Morris v. Badger Powhatan/Figgie Int'l, Inc.</u>, 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986); <u>see</u> Code § 65.2-706.

Claimant was employed as a "full-time mover of office and residential furniture." On May 27, 1994, a co-worker "lost his grip," and a "heavy dresser" fell against claimant's chest, causing him to "strik[e] his back and elbow" against a wall. Despite recurrent chest pain, claimant continued to work and did not immediately seek medical treatment. On May 29, 1994, claimant presented himself at the Fairfax County Emergency Room, complaining of "left-sided chest pain" which had persisted for approximately two hours. He was then diagnosed with "musculoskeletal chest pain." Hospital records of this visit reference employment requiring "heavy daily lifting," but do not attribute claimant's symptoms to a specific incident.

Claimant pursued no further medical care until September 16, 1994, when he consulted Dr. Segundo A. Morillo, an internist/general practitioner, for "left shoulder pain and numbness in the left hand." Diagnosing neck and shoulder strain, Dr. Morillo recorded an injury date of May 27, 1994, noting that claimant was required to "lift heavy weights" in the course of

employment.

Dr. Morillo referred claimant to Dr. Fritz H. Andersen, internist/cardiologist, and a neurologist, Dr. Julio C. Gonzalez, for further evaluation. In correspondence to Dr. Morillo dated September 22, 1994, Dr. Andersen commented that claimant's occupation often requires "lift[ing] heavy objects," and recorded a "history of 3 to 4 weeks progressive pain in his left shoulder and . . . arm." Dr. Andersen opined that claimant had "pinch[ed] a nerve root in his back or neck."

Dr. Gonzalez examined claimant on September 26, 1994, and diagnosed "left accessory nerve injury, shoulder pain, and muscle spasms," occasioned by "being hit by a dresser" "one month ago," "while at work." Dr. Gonzalez's medical records initially referenced a work injury occurring in August, 1994; however, on October 15, 1994, he noted "injuries sustained at work on May 29, 1994." Dr. Gonzalez testified that claimant's injury could have resulted from either a single incident or cumulative injury, but acknowledged that the symptoms were "consistent with a piece of heavy furniture falling on his chest."

An "injury by accident" requires "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). "The actual determination of causation

is a factual finding that will not be disturbed on appeal," if supported by credible evidence. <u>Ingersoll-Rand Co. v. Musick</u>, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Here, the full commission concluded that claimant failed to establish an identifiable incident and denied the claim. The emergency room records of claimant's visit two days after the incident reflect unexplained chest pain, beginning two hours prior to his arrival at the hospital. Claimant subsequently continued his normal work activity and did not seek further medical treatment for three and one-half months. Evidence relative to the belated medical care is contradictory and confusing with respect to causation. Thus, our review of the record discloses ample support for the commission's finding that claimant failed to establish a compensable accidental injury. Accordingly, we affirm the decision.

<u>Affirmed.</u>