COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


AVIS RENT A CAR, INC. AND
 CONTINENTAL CASUALTY COMPANY

                                    MEMORANDUM OPINION* BY
v.    Record No. 0868-00-1          JUDGE ROBERT P. FRANK
                                      NOVEMBER 21, 2000
ELIZABETH J. CALVIN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          William C. Walker (Donna White Kearney;
          Taylor & Walker, P.C., on brief), for
          appellants.

          Robert E. Walsh (Rutter, Walsh, Mills &
          Rutter, L.L.P., on brief), for appellee.


     Avis Rent A Car, Inc. and its insurer (appellant), contend

the Workers' Compensation Commission (commission) erred in

finding that Elizabeth J. Calvin (claimant) sustained an injury

by accident.  For the reasons stated, we affirm the commission's

award.

                        I.  BACKGROUND

     Claimant was employed as a reservationist for appellant.

She was talking to a customer on the telephone while seated at

her computer workstation.  The customer was "a little bit upset"

and claimant needed to refer to her procedure manual.  The

--------------------------------

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

manual was located in the left corner of her workstation. Claimant described the manual as a binder, between two and three inches wide and twelve inches across. Claimant could not describe what the manual weighed but stated that "it had a little bit of weight to it." She said, "It was a little bit difficult to pick up." Claimant reached for the manual with her right hand, picked it up, and felt a "pull in her back between her shoulder blades." She stated, "[The manual] started going down and I grabbed it with my left hand so it wouldn't fall." The "pull" took her breath away. Claimant then completed the phone call with the customer. She immediately complained to a co-worker that she had a "crick" in her back.

Eventually, claimant was referred to a neurosurgeon, Dr. David C. Waters, who first examined her on August 20, 1997. Dr. Waters noted the following:

> Her current symptom complex began in April of 1997. Since that time, she has had a progression of right shoulder and right upper extremity complaints, which have been refractory to the usual conservative therapy. The patient has a great deal of pain in and about the right scapula. The pain will extend down her posterior forearm, and she will also have pain and tingling which seem to be in the ring and small finger of the right hand. <u>Her symptoms were abrupt in onset</u>, and have been fairly refractory to conservative therapy, consisting of rest, wearing a collar, and medication.

(Emphasis added).

-

The deputy commissioner found that claimant's testimony about the mechanism of her injury was credible and that she established she suffered a compensable accident despite some inconsistencies in her medical records. The full commission affirmed the deputy commissioner.

## II.  ANALYSIS

"In order to carry [the] burden of proving an "injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citation omitted) (emphasis in orginal). "Unless we can say as a matter of law that the evidence submitted by [claimant] was sufficient to sustain [her] burden, then the Commission's finding that [she] did not suffer injury by accident is binding and conclusive upon us." Tomko v. Michael's Plastering Co., Inc., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970) (citations omitted).

"In order to establish an injury by accident, a claimant must prove:  (1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990) (citation omitted).  "The actual determination of causation is a

-

factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989) (citing Code § 65.1-98).

On appeal, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990) (citation omitted). Claimant testified that as she reached for and picked up the procedure manual, she felt a "pull in her back" between her shoulder blades. The pain "took her breath away." The neurosurgeon, Dr. Waters, opined that "her symptoms were abrupt in onset."

There are sufficient facts to support the commission's finding that claimant suffered an injury by accident, an identifiable incident that resulted in an obvious sudden mechanical change in the body.[1] Therefore, we affirm the award of the commission.

Affirmed.

---

[1] Although appellant's brief and oral argument addressed whether the injury arose out of claimant's employment, we limit our analysis to the question presented, whether the injury was by accident. Rule 5A:20.

-