COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


BERNARD LEE TREMELON, JR.

MEMORANDUM OPINION* BY
v.    Record No. 0335-00-2          JUDGE JERE M. H. WILLIS, JR.
DECEMBER 12, 2000
COMMERCIAL CONSTRUCTION CORPORATION AND
 TRIGON ADMINISTRATORS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

W. Edward Riley, IV (Boone, Beale, Cosby &
Long, on brief), for appellant.

Patricia C. Arrighi (Taylor & Walker, P.C.,
on brief), for appellees.


Bernard Lee Tremelon, Jr., (claimant) appeals from a

decision of the Workers' Compensation Commission (commission)

denying his claim for benefits.  On appeal, Tremelon contends

that the commission erred in finding that he failed to prove he

sustained an injury by accident arising out of and in the course

of his employment on or about September 2, 1997.  We agree and

reverse the judgment of the commission.

I.  BACKGROUND

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

So viewed, the evidence established that Tremelon was a construction superintendent working for Commercial Construction Corporation.  Between August 31, 1997 and September 2, 1997, he assembled cabinets in an unventilated shed using a special type of glue, LOKWELD 500.  During the first two days, he was able to take pieces of the cabinets outside to glue them.  However, on the third day, September 2, 1997, the work required that he remain inside the shed and that he work inside the cabinets.  As that day progressed, he began to feel unwell.  That evening, he began experiencing difficulty breathing and, during the early morning hours of September 3, 1997, he was taken to the hospital.  He was unable to communicate with medical personnel and was thought to be suffering a heart attack.  When, after several hours, his condition improved and it was determined that he had not suffered a heart attack, he was released.  His discharge summary, dated September 4, 1997, reported that he had suffered "right-sided chest pain off and on for more than 12 hours in duration."  Dr. Yi-Nan Chou, a cardiologist, diagnosed pleuritic chest pain of unknown cause, which was possibly due to pleurisy.

On December 23, 1997, Dr. Chou wrote that he had been informed that Tremelon's chest pain occurred while working in a metal shed using LOKWELD 500 glue.  Dr. Chou wrote "that [Tremelon's] pleuritic chest pain and his hospitalization may be work related."  By letter dated October 26, 1998, Dr. Chou

-

reported that he had researched LOKWELD 500 and had discovered that the compound could cause anaphylactic reactions and dermatitis. He wrote that Tremelon's "pleuritic chest pain could probably be related to the inhalation [of the LOKWELD 500 glue]." On February 25, 1999, Dr. Chou further reported:

> I have done a Med-Search concerning LOKWELD 500 and could not find any reports concerning LOKWELD induced pleuritic chest pain. However, it has been well known that LOKWELD 500 is a[n] irritant to mucous membranes and to the skin. It is my personal opinion, therefore, that it is probably the cause of Mr. Bernard Tremelon's pleuritic chest pain after his exposure through inhalation.

The commission held:

> [T]he . . . claimant experienced symptoms that gradually grew from an extended exposure. He stated that he sporadically worked with the glue for a span of three days. The claimant testified that the breathing difficulties began on the third day, late at night. There was no discreet [sic], identifiable incident. The claimant did not describe a distinct onset of symptoms. On the contrary, his illness "just progressed more and more, and the more it did, the less [he] could breathe . . . ." Similarly, the hospital discharge summary of September 4, 1997, reported "chest pain off and on for more than 12 hours in duration . . . [.]" . . . [T]he evidence does not establish a sudden, mechanical bodily change as contemplated by case law.

Thus, the commission found that Tremelon's condition resulted from his exposure to the glue, but that the evidence failed to prove a sudden mechanical bodily change resulting from a discrete, identifiable incident.

-

## II.  INJURY BY ACCIDENT

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of his employment."  Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989).  "[T]o establish an injury by accident, a claimant must prove:  (1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change."  Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990) (citation omitted).  Unless the evidence carried that burden of proof as a matter of law, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).  Tremelon has carried that burden of proof.

### A.  IDENTIFIABLE INCIDENT

Although Tremelon worked with the LOKWELD 500 glue over a period of three days, he underwent intense exposure to that substance only on the third day, September 2, 1997.  During the first two days, he was able to take small pieces of the cabinets outside the shed to glue them in the open air.  It was only on the third day that his duties required him to work within the closed confines of the shed and, indeed, within the cabinets

-

themselves.  We hold that this intense exposure, over the course of a single day, constituted an identifiable incident.

## B.  REASONABLY DEFINITE TIME

Although Tremelon's symptoms did not manifest themselves instantly, the evidence compels the conclusion that he suffered the injuring irritation of the glue over the course of a single day's work, a reasonably definite time.  The symptoms began to manifest themselves as the day went on.  After the conclusion of the day's work, he began to feel the full effects of the irritation.

## C.  OBVIOUS SUDDEN MECHANICAL OR STRUCTURAL CHANGE IN THE BODY

Dr. Chou diagnosed irritation to Tremelon's mucous membranes, resulting in pleuritic chest pain.  This condition represented an obvious sudden mechanical or structural change in Tremelon's body.

## D.  CAUSATION

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989) (citation omitted).  Dr. Chou diagnosed the inhalation of LOKWELD 500 fumes as the probable cause of Tremelon's mucous membrane irritation and pleuritic chest pain, which caused him to be hospitalized.  Tremelon testified that prior to that day, he had

-

never experienced physical symptoms like those he experienced while working with the LOKWELD 500 glue.  Dr. Chou's opinion, along with Tremelon's testimony, neither of which was contradicted, support the commission's finding that Tremelon's injury was causally related to inhalation of the glue on September 2, 1997.

Thus, the evidence proved all of the requirements of an "injury by accident."

The judgment of the commission is reversed, and this case is referred to the commission for further proceedings based upon Tremelon's entitlement to an award.

<u>Reversed and remanded.</u>

-