COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


LE N. TRAN
                                        MEMORANDUM OPINION*
v.    Record No. 2075-02-4                  PER CURIAM
                                         DECEMBER 17, 2002
UNITED AIRLINES, INC.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Kathleen G. Walsh, on brief), for
                appellant.

                (Michael N. Salveson; Hunton & Williams, on
                brief), for appellee.


        Le N. Tran (claimant) contends the Workers' Compensation

Commission erred in finding that she failed to prove she

sustained an injury by accident arising out of and in the course

of her employment on September 1, 2000.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        "To be compensable as an injury by accident, a purely

psychological in jury must be causally related to a physical

injury or causally related to an obvious sudden shock or fright

arising in the course of employment."  <u>Chesterfield County v.</u>

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

*Dunn*, 9 Va. App. 475, 477, 389 S.E.2d 180, 182 (1990). Moreover, purely psychological disability resulting from "disagreements over managerial decisions and conflicts with supervisory personnel that cause stressful consequences . . . ordinarily are not compensable." Teasley v. Montgomery Ward & Co., 14 Va. App. 45, 49, 415 S.E.2d 596, 598 (1992).

In holding that claimant failed to prove a compensable injury by accident, the commission found as follows:

> The deputy commissioner found that the claimant was not credible in stating that Ms. [Orawan] Tudor[, the lead worker,] struck her in the chest with her knuckles causing a bruise. Rather, the incident was essentially "a heated verbal exchange" and "perceived harassment." We agree.
> It is well established that the Commission does not have jurisdiction over stress and psychological damage resulting from supervisory actions and conflicts over working conditions.

As fact finder, the commission was entitled to reject claimant's testimony that Tudor struck claimant's chest with her knuckles and caused a bruise and to accept Tudor's testimony to the contrary. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Tudor's testimony was consistent with the testimony of Todd Maffe and Stephanie Toporcer. Both Maffe and Toporcer testified that when claimant discussed the incident with them she never said Tudor struck or touched her. In

- 2 -

addition, when interviewed by Maffe and Toporcer, claimant's co-worker, Shing Lin, did not tell them that Tudor struck claimant. Lin testified at the hearing that Tudor never struck the claimant. This evidence supported the commission's conclusions that Tudor did not touch or strike claimant and that claimant did not sustain a physical injury as a result of the incident.

Furthermore, Tudor's testimony supported the commission's finding that the incident was "nothing more than a heated verbal exchange" or "perceived harassment of one employee by another" and the further finding that the incident was "neither shocking nor sufficiently frightening to give rise to a claim of psychological injury." Thus, the commission did not err in concluding that claimant's psychological condition and disability resulting from her verbal conflict with her supervisor did not constitute a compensable injury by accident arising out of and in the course of claimant's employment. See Teasley, 14 Va. App. at 49, 415 S.E.2d at 598. Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proof. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

For these reasons, we affirm the commission's decision.

Affirmed.