COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


LOUISE BLOUNT FAUNTLEROY

                                                    MEMORANDUM OPINION*
v.      Record No. 1727-03-1                              PER CURIAM
                                                       DECEMBER 9, 2003
SURRY COUNTY SCHOOL BOARD AND
 VSBA WORKERS' COMPENSATION BOARD


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (John H. Klein; Montagna Breit Klein Camden, L.L.P., on brief), for
        appellant.

        (Andrew R. Blair; Blair Law Offices, on brief), for appellees.


        Louise Blount Fauntleroy (claimant) contends the Workers' Compensation Commission

erred in finding that she failed to prove she sustained a compensable injury by accident on July

13, 1999, arising out of and in the course of her employment with Surry County School Board

(employer).  Claimant argues the commission erred in finding that she failed to prove that her

exposure to tobacco scent and fumes, while traveling in employer's vehicle on July 13, 1999,

caused an aggravation of her pre-existing asthma.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        "In order to establish entitlement to compensation benefits, the claimant must prove, by a

preponderance of the evidence, an injury by accident which arose out of and in the course of his

employment."  Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989).

"[T]o establish an injury by accident, a claimant must prove: (1) an identifiable incident; (2) that

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990) (citation omitted). Unless the evidence carried that burden of proof as a matter of law, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant failed to prove that her pre-existing asthma was aggravated by her exposure to the odor of tobacco in the course of her employment on July 13, 1999. In so ruling, the commission found as follows:

> On July 17, 1999, Dr. [Robert S.] Davis, the treating pulmonary specialist, could only state that the claimant's asthma was "questionably" exacerbated by one of three scenarios: a recent allergy shot, acute bronchitis, or exposure to a tobacco smoker. On an August 2, 1999, disability slip, after having the benefit of the testing and examinations concluded during the claimant's hospitalization, the most Dr. Davis could state was that the flare-up of asthma "seemed" to have been precipitated by exposure to tobacco smoke and smell. Significantly, the evidence does not indicate that the claimant was exposed to tobacco smoke, but merely to stale tobacco smell while traveling in a car for 1.5 hours.

> Dr. [David C.] Cangcuesta, a consulting specialist during the claimant's hospitalization, indicated that he had no record of a history of exposure to tobacco fumes and could not state to a reasonable medical certainty that the exposure to the fumes caused her condition. His admission that the fumes "could" have triggered her symptoms does not rise to an opinion of causation to a reasonable medical probability.

> We also do not find Dr. [June R.] Tunstall, the claimant's family physician, persuasive. She never explained the basis for her opinion on the attending physician's report of July 14, 1999.[1] Finally, Dr. [Burton A.] Moss, who reviewed the claimant's records, could not identify a specific trigger for the claimant's condition.

---

[1] We note that Dr. Tunstall's Attending Physician's Report is actually dated November 11, 1999, and references a July 13, 1999 injury and a July 14, 1999 office visit.

None of the specialists in this case has been able to state to any reasonable medical probability that the claimant's condition more than likely resulted from exposure to tobacco smells on July 14, 1999. Under the circumstances, the claimant has failed to carry her burden of proof.

(Footnote added.)

The medical records support the commission's factual findings. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to weigh the medical evidence and to determine what probative weight, if any, to assign to that evidence. In light of the speculative nature of Dr. Davis's opinions; the lack of any explanation or basis for Dr. Tunstall's opinion; Dr. Cangcuesta's notation on July 19, 1999 that claimant had been having severe asthma symptoms for two weeks; evidence that claimant was exposed only to tobacco smells, not smoke, while riding in employer's vehicle on July 13, 1999; evidence that she was also exposed to other allergens or environmental irritants that day; and Dr. Moss's opinions, the commission, as fact finder, was entitled to conclude that the opinions of Drs. Davis and Tunstall did not constitute sufficient evidence to sustain claimant's burden of proof.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proving that her July 13, 1999 exposure to tobacco smells while riding in employer's vehicle caused an aggravation of her pre-existing asthma condition.

For these reasons, we affirm the commission's decision.

Affirmed.