COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


NORTON COMMUNITY HOSPITAL, INC. AND
 AMCOMP ASSURANCE CORPORATION

                                                      MEMORANDUM OPINION*
v.        Record No. 2231-03-2                               PER CURIAM
                                                         DECEMBER 23, 2003
CHRISTINA MARIE SEXTON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (S. Vernon Priddy III; Sands Anderson Marks & Miller, on brief),
            for appellants.

            (D. Allison Mullins; Lee & Phipps, P.C., on brief), for appellee.


        Norton Community Hospital and its insurer (hereinafter referred to as "employer")

contend the Workers' Compensation Commission erred in finding that Christina Marie Sexton

(claimant) proved that (1) her herniated disc and related disability were causally related to her

June 20, 2002 accident; and (2) she did not violate or exceed her medical restrictions at the time

she sustained her injury on June 20, 2002.[1]  Upon reviewing the record and the parties' briefs, we

-----

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The deputy commissioner found, based upon claimant's credible testimony, that claimant proved she suffered an accident on June 20, 2002.
        The full commission affirmed this finding.
        Employer did not include any argument in its brief challenging the commission's determination.  The two arguments made by employer on appeal pertain to whether claimant proved a causal link between her disc herniation and resulting disability and the June 20, 2002 accident, and whether she forfeited her claim because her injury resulted from her exceeding or violating her work restrictions.  Accordingly, on appeal, we will not address the commission's finding that the evidence established that claimant, based upon her credible testimony, suffered an accident on June 20, 2002.

conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

Causation

"In order to establish entitlement to compensation benefits, the claimant must prove, by a preponderance of the evidence, an injury by accident which arose out of and in the course of [her] employment." Classic Floors, Inc. v. Guy, 9 Va. App. 90, 95, 383 S.E.2d 761, 764 (1989). "[T]o establish an injury by accident, a claimant must prove: (1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990) (citation omitted). "The actual determination of causation is a factual finding that will not be disturbed by this Court on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

In ruling that claimant proved a causal connection between her herniated disc and resulting disability and her June 20, 2002 work-related accident, the commission found as follows:

> We agree that during the spring of 2002, the claimant apparently participated in some lifting activities, and that she suffered some episodes of back pain. However, we are not convinced that Dr. [Galen] Smith was not provided a complete and accurate history, or that these incidents negate the claimant's evidence that the June 20, 2002, incident resulted in a new back injury.
>
> Dr. Smith's notes reflect that he knew that the claimant was not completely pain-free or symptom free prior to the episode of June 20, 2002. His office notes and operative report illustrate his knowledge that the claimant continued to have back problems during the spring of 2002, which required medication. On August 22, 2002, Dr. Smith advised that although the claimant was working and doing reasonably well, she still had some back pain and mild burning in her feet. Furthermore, he acknowledged that

- 2 -

the claimant had required four additional prescription refills from April 22 through June 4, 2002.

Although the claimant suffered from ongoing symptoms they were not sufficiently severe to cause her to return to Dr. Smith for treatment. However, after the June 20, 2002, incident, the claimant described new severe pain, and Dr. Smith emphasized that on June 20, 2002, "her condition took a sudden turn for the worst [sic]." Dr. Smith clearly concluded in September 2002 that the June 20, 2002, incident was a new injury. This correlates with the diagnosis of the other involved physician. When claimant received emergency treatment, the healthcare professional diagnosed *acute* low back pain.

The employer presented no medical evidence to the contrary. No physician has opined that the June 20, 2002, incident merely led to an exacerbation of the claimant's pre-existing condition or that her lifting incidents during the spring of 2002 impacted on her pre-existing back condition.

The claimant presented unrefuted evidence that her back condition was causally related to the new June 20, 2002, accident. We do not find that the employer's notations about events of lifting rebut Dr. Smith's unequivocal medical opinion that the claimant sustained a new injury on June 20, 2002. Regardless of the congenital abnormalities from which the claimant suffered, the employer takes the employee as it finds her, with all of her predisposed weaknesses and infirmities.

Dr. Smith's medical records and undisputed September 18, 2002 opinions constitute credible evidence to support the commission's finding. Employer contends Dr. Smith's opinions did not constitute credible evidence to establish a causal link between the June 20, 2002 accident and claimant's herniated disc because they were based upon an incomplete and inaccurate history. We disagree.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The commission weighed Dr. Smith's September 18, 2002 opinions in light of the evidence of claimant's other episodes of back pain between January 2002 and June 20, 2002, and concluded that his opinions constituted credible evidence. Although Dr. Smith's

- 3 -

office notes do not specifically note that claimant transported patients on May 16, 2002 and June 6, 2002 or that she missed work due to back pain on June 13, 2002, his notes reflect that he was well aware that claimant was not without pain or symptoms prior to the June 20, 2002 accident. His notes indicate that he knew claimant continued to have pain in the spring of 2002, which required four refills of her prescription medications. He noted that although claimant was working, she still had some back pain and burning in her feet. In addition to Dr. Smith's notes, claimant testified that the severe sharp, shooting, and stabbing pain she felt on June 20, 2002 was "a thousand times worse" than her back pain before June 20, 2002 and that it was the worst pain she had ever felt in her life. She also testified that although she had back and leg pain before June 20, 2002, the pain was never to the degree of the pain she had after June 20, 2002.

Based upon this record, the commission, as fact finder, could reasonably conclude that Dr. Smith's opinions, coupled with claimant's testimony, constituted credible evidence to sustain claimant's burden of proving a causal connection between her herniated disc and resulting disability and the June 20, 2002 accident. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Because the commission's finding is supported by credible evidence, we will not disturb it on appeal.

Exceeding/Violating Work Restrictions

Employer argues that claimant failed to prove that her June 20, 2002 injury was an "accident" because it occurred when she transported a patient, an activity which exceeded or violated her medical restrictions.

In rejecting this defense, the commission found as follows:

> [T]he Deputy Commissioner reasonably determined that the claimant had not violated or exceeded Dr. Smith's restrictions.

The evidence establishes that on the day of the accident, the claimant was not lifting or transporting a patient, but she was merely assisting other co-workers and pulled on a bed. We do not find that this activity exceeded Dr. Smith's restrictions, or that the back injury was an expected result of the activity. Furthermore, we note that on August 22, 2002, Dr. Smith indicated that the claimant had been performing her normal duties prior to the June 20, 2002, incident. It does not appear that he considered the claimant to have been restricted to light duty as of that time period.

Claimant's testimony and Dr. Smith's medical records provide credible evidence to support the commission's findings. On April 1, 2002, Dr. Smith restricted claimant from "lifting or transporting." It is undisputed that claimant was not lifting a patient on June 20, 2002 at the time of her accident. With respect to transporting a patient, claimant testified that she told her co-worker that while he and another co-worker pushed a critically ill patient's bed to the Intensive Care Unit, she would "go along just to open doors and make sure that they got into the ICU okay without having any complications with the patient." She stated that at some point in that process, the bed "didn't want to go right, it wanted to go straight like the wheels locked up on it . . . so I just reached down, got the other side of the footboard . . . [a]nd I just helped them get the bed around the corner so they could get the patient in ICU where she needed to be and hooked back up to the monitors." She testified that she "just reacted to an emergency situation" and that she "did not intentionally set out to transport."

Based upon this record, the commission, as fact finder, could reasonably infer that claimant did not transport the patient in violation of her medical restrictions, but she merely assisted her co-workers in an emergency situation to help get a critically ill patient into ICU. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Because credible evidence and the

inferences fairly deducible from that evidence support the commission's findings, we will not disturb them on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>