# Richmond

ASHLAND OIL COMPANY AND
INSURANCE COMPANY OF NORTH AMERICA

V.

SHIRLEY BEAN

March 11, 1983.

Record No. 820349.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*Bruce D. White (Brault, Geschickter, Palmer & Grove,* on brief), for appellants.
*Richard F. Wheeler* for appellee.

PER CURIAM.

In this appeal, we must decide whether, when work conditions aggravate an ordinary disease of life pre-existing employment, a disability resulting therefrom is compensable under the Workmen's Compensation Act.

Shirley Bean, employed for most of her life as a waitress, began work as a gas station attendant for Ashland Oil Company in June 1980. She worked alone in six-hour and nine-hour shifts without scheduled breaks or lunch hours, and her duties required her to be constantly on her feet. As part of her uniform, Bean was required to buy and wear "closed shoes" with hard soles. In November, she began having pain in her left foot, and in February she consulted Dr. Bruce Vogel, a podiatrist. Dr. Vogel diagnosed her condition as "chronic bursitis secondary to hallux valgus, metatarsus primus varus, inflamed metatarsal-phalangeal joint (bunion) [secondary] to repeated trauma." Bean underwent surgery ("Bunionectomy left foot" and "Wedge osteotomy 1st metatarsal") on March 4, 1981, and thereafter was unable to return to work.

In his attending physician's report, Dr. Vogel noted: "Pre-existing condition: patient stated she had a small 'bump' for a few

years before she began her job but that it never caused her any problems." In a letter addressed to Bean's employer, he said that "[t]he amount of time spent on her feet in closed hard shoes was definitely a factor in the cause of her problem."

Bean filed an application against her employer and its insurer, Insurance Company of North America, seeking compensation for disability resulting from "Occupational Disease". A deputy commissioner found "an insufficient causal connection to hold this to be a compensable occupational disease" and denied the claim. On review, the full Commission, with one member dissenting, found that Bean "became disabled as a result of inflammation of a pre-existing bunion on her left foot." The Commission entered an award in Bean's favor on the ground that "the claimant's pre-existing condition was aggravated by her work to the point that it became disabling".

The Commission's findings of fact are not challenged on appeal. The issue before us is a question of law. At every stage of the proceedings below, the parties and the Commission treated Bean's bunion condition as a disease pre-existing her employment and the claim as one governed by the provisions of Code § 65.1-46. On appeal, we analyze the case as it was tried.

Code § 65.1-46 provides that "the term 'occupational disease' means a disease arising out of and in the course of the employment." Explicating that definition, the statute states that "[a] disease shall be deemed to arise out of the employment only if . . . [it] had its origin in a risk connected with the employment". Bean's disease did not arise out of her employment because its origin antedated her employment. Hence, it was not an occupational disease, and only disabilities resulting from occupational diseases are compensable. The statute expressly provides that, with certain exceptions inapplicable here, "[n]o ordinary disease of life to which the general public is exposed outside of the employment shall be compensable".

Apparently, the Commission concluded that Bean's disability was compensable because the underlying disease was aggravated by "a risk connected with the employment". If so, the Commission implicitly overruled its own holdings in earlier cases. "[T]here is no provision under the occupational disease law of our Act permitting recovery for aggravation of ordinary diseases of life." *Kaufman v. Star Band Company, Inc.*, 56 O.I.C. 190, 192 (1974) (duodenal ulcer); *accord Sullins v. Southern States Coop-*

4

*erative, Inc.*, 49 O.I.C. 315 (1967) (bronchial asthma); *Noel* v. *Virginia Chemicals, Inc.*, 48 O.I.C. 177 (1966) (sinusitis); *Burner* v. *Southern Lightweight Aggregate Corp.*, 31 O.I.C. 239 (1949) (dermatitis). See also *Perrin* v. *Brunswick Corp.*, 333 F. Supp. 221, 223 (W.D. Va. 1971) (pneumothorax), where the court quoted and applied the opinion of a deputy commissioner who held that " 'an ordinary disease of life aggravated by work environment is [not] compensable under the Act.' "

We hold that the Commission misapplied the controlling statute, and we will reverse the award and dismiss the claim.

*Reversed and dismissed.*