COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

JOANIE MARIE BRYANT

v.   Record No. 0602-95-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
TULTEX CORPORATION                           OCTOBER 3, 1995

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Daniel R. Bieger; Copeland, Molinary & Bieger, on
            brief), for appellant.

            (Martha White Medley; Daniel, Vaughan, Medley &
            Smitherman, P.C., on brief), for appellee.


    Joanie Marie Bryant contends that the Workers' Compensation
Commission erred in finding that she failed to prove that her
carpal tunnel syndrome was causally related to her employment.
Upon reviewing the record and the briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the commission's decision.  Rule 5A:27.

    For an ordinary disease of life to be treated as a
compensable occupational disease, the claimant is required to
prove, by clear and convincing evidence, to a reasonable degree
of medical certainty, that the disease arose out of and in the
course of the employment, did not result from causes outside of
the employment, is characteristic of the employment, and was
caused by conditions peculiar to the employment.  Code
§ 65.2-401.  Bryant does not contest that she bore the burden of

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

proving those elements.

"Whether a disease is causally related to the employment and not causally related to other factors . . . is a finding of fact." Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988). Unless we can say as a matter of law that Bryant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Dr. Larry G. Lipscomb opined that Bryant's employment aggravated her pre-existing carpal tunnel syndrome; he could not state with any degree of reasonable medical certainty that her employment caused her condition. Dr. Lipscomb's opinions support the commission's finding that Bryant's employment, at most, aggravated her carpal tunnel syndrome. Assuming that Bryant's carpal tunnel syndrome is a disease, where the origin of an ordinary disease of life cannot be traced to the employment as its proximate cause, aggravation of the disease is not compensable as an occupational disease. Ashland Oil Company v. Bean, 225 Va. 1, 3-4, 300 S.E.2d 739, 740 (1983).

The commission discounted Dr. Carey W. McKain's opinion because it was based upon an incomplete history. In its role as fact finder, the commission was entitled to accept Dr. Lipscomb's opinions, which were based upon a complete history, and to reject the opinion of Dr. McKain. The commission's findings are

2

conclusive and binding upon us.

For these reasons, we affirm the commission's decision.

Affirmed.