COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

LOIS V. RUCKER

v.   Record No. 1449-95-3                    MEMORANDUM OPINION*
                                                PER CURIAM
BACOVA GUILD, LTD.                          NOVEMBER 21, 1995
AND
ASSOCIATED INDEMNITY CORPORATION

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Leslie Ann Shaner; O'Keefe & Spies, on brief), for
               appellant.

               (Christopher M. Kite; Monica L. Taylor; Gentry, Locke,
               Rakes & Moore, on brief), for appellees.


     Lois V. Rucker ("claimant") contends that the Workers'

Compensation Commission erred in finding that she failed to prove

that the osteoarthritis of her right wrist and hand and her

right-sided carpal tunnel syndrome were causally related to her

employment.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     A claimant must prove the existence of an occupational

disease by a preponderance of the evidence.  Virginia Dep't of

State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308

(1985).  "Whether a disease is causally related to the employment

and not causally related to other factors . . . is a finding of

_____
*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

fact."  Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

An occupational disease is one "arising out of and in the course of employment."  Code § 65.2-400(A).  "A disease shall be deemed to arise out of the employment" when the evidence establishes six elements.  Code § 65.2-400(B).  Elements (2) and (6) require evidence showing "[a] direct causal connection between the conditions under which work is performed and the occupational disease" and that the disease "had its origin in a risk connected with the employment and flowed from that source as a natural consequence. . . ."  Code § 65.2-400(B)(1) and (B)(6).  The commission found that claimant failed to establish a compensable occupational disease under the requirements of Code § 65.2-400.[1]

At best, Dr. Charles F. Andersen, claimant's treating orthopedic surgeon, opined that her employment aggravated her pre-existing osteoarthritis and carpal tunnel syndrome; he could not state with any degree of reasonable medical certainty that

---

[1] Because there was no evidence that claimant's conditions may have resulted from substantial exposure outside of her employment, the commission properly analyzed her application under Code § 65.2-400.  See Wells v. Commonwealth, Dep't of Transp., 15 Va. App. 561, 565, 425 S.E.2d 536, 538 (1993).

her employment caused her conditions. A disease that is merely aggravated by the employment does not establish causation and is not an occupational disease. Ashland Oil Co. v. Bean, 225 Va. 1, 3-4, 300 S.E.2d 739, 740 (1983). In addition, Dr. Hugh J. Hagan, III, who examined claimant at employer's request, could not render an opinion to a reasonable degree of medical certainty that claimant's conditions were caused by her work.

Based upon the absence of any medical opinion that claimant's work caused her carpal tunnel syndrome or osteoarthritis, claimant did not prove as a matter of law a compensable occupational disease pursuant to the requirements of Code § 65.2-400. Thus, the commission did not err in denying her application based upon a finding that she did not prove that her conditions were caused by her employment or that they had their origins in a work connected risk.

Accordingly, we affirm the commission's decision. We need not address the "disease" issue as our ruling on the causation issue disposes of this appeal.

Affirmed.