COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ANNE GRIFFIN MILLER

v.   Record No. 2627-95-1                      MEMORANDUM OPINION[*]
                                                  PER CURIAM
COUNTY OF JAMES CITY                           MAY 14, 1996
AND
CITY OF WILLIAMSBURG


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Arnold H. Abrons; Abrons, Fasanaro &
          Sceviour, on brief), for appellant.

          (Robert A. Rapaport; Knight, Dudley, Clarke
          & Dolph, on brief), for appellee.


     Anne Griffin Miller ("claimant") contends that the Workers'

Compensation Commission erred in finding that she failed to prove

that her reactive airways disease was caused by her employment.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     A claimant must prove the existence of an occupational

disease by a preponderance of the evidence.  Virginia Dep't of

State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308

(1985).  "Whether a disease is causally related to the employment

and not causally related to other factors . . . is a finding of

fact."  Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 782, 788 (1988). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

An occupational disease is one "arising out of and in the course of employment." Code § 65.2-400(A). "A disease shall be deemed to arise out of the employment" when the evidence establishes six elements. Code § 65.2-400(B). Elements (1) and (6) require evidence showing "[a] direct causal connection between the conditions under which work is performed and the occupational disease" and that the disease "had its origin in a risk connected with the employment and flowed from that source as a natural consequence . . . ." Code § 65.2-400(B)(1) and (B)(6). The commission found that claimant failed to establish a compensable occupational disease under the requirements of Code § 65.2-400.

The record is devoid of any medical opinions to support claimant's assertion that her employment caused her condition. At best, Dr. Thomas L. Munzel, claimant's treating pulmonary specialist, opined that her employment aggravated her reactive airways disease. A disease that is merely aggravated by the employment does not establish causation and is not an occupational disease. Ashland Oil Co. v. Bean, 225 Va. 1, 3-4, 300 S.E.2d 739, 740 (1983).

Based upon the absence of any persuasive medical evidence that claimant's work environment caused her restrictive airways disease, claimant did not prove as a matter of law a compensable occupational disease pursuant to the requirements of Code § 65.2-400. Thus, the commission did not err in denying her application based upon a finding that she did not prove that her condition was caused by her employment or that it had its origins in a work connected risk.

Accordingly, we affirm the commission's decision.

Affirmed.
