COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


THE GENIE COMPANY AND THE INSURANCE COMPANY
 OF THE STATE OF PENNSYLVANIA
                                           OPINION BY
v.   Record No. 0914-99-3              JUDGE ROBERT P. FRANK
                                           APRIL 25, 2000
MARSHA HAMMER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Monica L. Taylor (E. Scott Austin; Gentry,
            Locke, Rakes & Moore, on brief), for
            appellants.

            No brief or argument for appellee.


     The Genie Company and The Insurance Company of the State of

Pennsylvania (appellants) appeal the decision of the Workers'

Compensation Commission (commission) awarding benefits for an

occupational disease to Marsha Hammer (claimant).  On appeal,

appellants contend the commission erred in finding that:  1)

claimant's hand eczema was an occupational disease and 2)

claimant proved that her hand eczema was a compensable

occupational disease.  We agree and reverse the commission's

award.

                    I.   BACKGROUND

     Claimant was employed by appellant, The Genie Company, at a

coil form position.  She positioned tank coils onto hot boards

that came out of a sider machine and then guided the boards into

another machine that applied glue to them. She testified that she did not have contact with the glue and did not touch the boards after they went into the second machine. She noticed in September 1997 that her hands were sore, cracked, and peeling and had begun to bleed. On October 16, 1997, claimant sought medical treatment for her condition and was removed from the coil form job. At that time, she had been working at the coil form position for approximately two months.

At the hearing before the deputy commissioner, claimant testified that the problems with her hands did not begin until she started working at the coil form position. On cross-examination, she admitted that she washed dishes by hand and used household cleaning products to clean her home.

Claimant's hand eczema was diagnosed and treated by Dr. Stephen Phillips. Dr. Phillips' office notes from his initial examination of claimant on October 16, 1997 state, "I am not sure if this is entirely due to work she has been doing for a long time without any problems. It may be that the job of grabbing small parts aggravates an underlying tendency for dermatitis." Dr. Phillips prescribed a topical cream and advised claimant to avoid repeated grasping. On October 30, 1997, Dr. Phillips examined claimant again and wrote in his office notes, "I am not certain if this is due to work but seems to be aggravated by handling materials." On December 16, 1997, Dr. Phillips noted that claimant's condition was greatly

-

improved and advised claimant to avoid grasping with her right hand.

On January 30, 1998, Dr. Phillips answered a series of questions propounded by appellants' counsel. Dr. Phillips wrote, "The underlying tendency to develop eczema is not a work related illness or injury, but an acute flare such as this may be precipitated by physical trauma such as handling the hot boards." Dr. Phillips also listed contact with household cleaners, keeping hands wet for prolonged periods, or even frequent hand or dish washing as potential causes of eczema such as claimant developed. Dr. Phillips opined that claimant's attack of eczema was related to her employment at The Genie Company but stated that the underlying condition of hand eczema is not a work-related disease.

On April 14, 1998, Dr. Phillips wrote that he could not state with a reasonable degree of medical certainty that claimant's condition was an occupational disease because hand eczema is a "'disease of life.'" He also stated that claimant's eczema was not characteristic of her employment.

## II. ANALYSIS

The commission ruled that claimant's hand eczema was an occupational disease pursuant to Code § 65.2-400 and affirmed the deputy commissioner's award of benefits. Appellants argue that claimant's hand eczema is a non-compensable ordinary disease of life and that claimant failed to prove that her hand

-

eczema was compensable because her treating physician opined that the condition does not have its origin in a risk of the employment and is not characteristic of claimant's employment. We agree and reverse the commission's award.

"[T]he issue whether a worker has suffered an impairment that constitutes a compensable disease is a mixed question of law and fact and, hence, a Commission finding on the question is not conclusive and binding upon this Court but is properly subject to judicial review."  Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996) (citations omitted).

Code § 65.2-400 states, in part:

> A.  As used in this title, unless the context clearly indicates otherwise, the term "occupational disease" means a disease arising out of and in the course of employment, but not an ordinary disease of life to which the general public is exposed outside of the employment.
> B.  A disease shall be deemed to arise out of the employment only if there is apparent to the rational mind, upon consideration of all the circumstances:
> 1.  A direct causal connection between the conditions under which work is performed and the occupational disease;
> 2.  It can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment;
> 3.  It can be fairly traced to the employment as the proximate cause;
> 4.  It is neither a disease to which an employee may have had substantial exposure outside of the employment, nor any condition of the neck, back or spinal column;
> 5.  It is incidental to the character of the business and not independent of the relation of employer and employee; and

-

> 6. It had its origin in a risk connected with the employment and flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction.

Code § 65.2-401 states:

> An ordinary disease of life to which the general public is exposed outside of the employment may be treated as an occupational disease for the purposes of this title if each of the following elements is established by clear and convincing evidence (not a mere probability):
> 1. That the disease exists and arose out of and in the course of employment as provided in § 65.2-400 with respect to occupational diseases and did not result from causes outside of the employment, and
> 2. That one of the following exists:
> a. It follows as an incident of occupational disease as defined in this title; or
> b. It is an infectious or contagious disease contracted in the course of one's employment in a hospital or sanitarium or laboratory or nursing home as defined in § 32.1-123, or while otherwise engaged in the direct delivery of health care, or in the course of employment as emergency rescue personnel and those volunteer emergency rescue personnel referred to in § 65.2-101; or
> c. It is characteristic of the employment and was caused by conditions peculiar to such employment.

Under Code § 65.2-400, a disease arises out of the employment if it meets all of the enumerated criteria for causation set forth in Paragraph B. In this case, claimant failed to prove all of the conditions specified in the statute. Specifically, Code § 65.2-400(B)(4) states that the disease cannot be one to which an employee would have substantial

-

exposure outside of the employment.  Dr. Phillips wrote that hand eczema can arise from a variety of sources outside the work environment, including contact with household cleaners, keeping hands wet for prolonged periods, and frequent hand or dish washing.  Code § 65.2-400(B)(5) requires that the disease be incidental to the character of the business.  On April 14, 1998, Dr. Phillips opined that claimant's hand eczema was not an occupational disease and was not characteristic of her employment.  Instead, he wrote that her condition was a "disease of life."  Therefore, we find that claimant's hand eczema was an ordinary disease of life and was not an occupational disease.

Under Code § 65.2-401(1), an ordinary disease of life may be treated as an occupational disease if the employee proves by clear and convincing evidence that the disease arose out of and in the course of the employment as provided in Code § 65.2-400.  As discussed above, the evidence failed to show that claimant's hand eczema arose out of and in the course of her employment pursuant to the causation criteria specified in Code § 65.2-400(B).  Therefore, claimant's hand eczema is not compensable as an ordinary disease of life.

Additionally, in Ashland Oil Co. v. Bean, 225 Va. 1, 3-4, 300 S.E.2d 739, 740 (1983), the Supreme Court of Virginia held that a disability resulting from the aggravation of a pre-existing disease of life was not compensable under the

-

Workers' Compensation Act.[1]  In this case, Dr. Phillips stated that eczema is a disease of life, and he opined that claimant had an underlying tendency for the condition and only the flare-up for which he treated her was related to her employment. Therefore, the aggravation of claimant's underlying tendency for hand eczema is not compensable.

For these reasons, we hold that claimant's hand eczema is a non-compensable disease of life and reverse the commission's award of benefits.

<u>Reversed.</u>

---

[1] Although <u>Ashland</u> was decided before the enactment of Code § 65.2-401, we have cited it with approval in <u>Teasley v. Montgomery Ward & Co., Inc.</u>, 14 Va. App. 45, 49-50, 415 S.E.2d 596, 598 (1992).  Further, the language of Code § 65.2-401 requires that an ordinary disease of life be traced to the employment as its proximate cause, which is wholly consistent with the holding in <u>Ashland</u>.

-