COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


BLUE RIDGE MARKET OF VIRGINIA, INC. AND
 NATIONWIDE MUTUAL INSURANCE COMPANY
                                        OPINION BY
v.   Record No. 0493-02-3          JUDGE G. STEVEN AGEE
                                      JANUARY 21, 2003
PHILMON H. PATTON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Paul C. Kuhnel (Christopher W. Stevens;
            WootenHart PLC, on brief), for appellants.

            (Ginger J. Largen; Morefield & Largen,
            P.L.C., on brief), for appellee.  Appellee
            submitting on brief.


     Blue Ridge Market of Virginia, Inc., and its insurance

carrier, Nationwide Mutual Insurance Company ("employer"),

appeal a decision of the Workers' Compensation Commission

("commission") awarding benefits to Philmon H. Patton

("Patton").  The employer alleges that the commission erred (1)

by awarding benefits for aggravation of Patton's carpal tunnel

syndrome because it was a pre-existing ordinary disease of life,

and (2) by including that portion of Patton's disability

resulting from aggravation of his carpal tunnel syndrome in the

permanent partial disability rating.  For the reasons that

follow, we affirm the commission's decision.

## I.  BACKGROUND

Patton, a truck driver, injured his right arm when he slipped on a wet tire during the course of his employment.  He received treatment from Dr. Edward Dannelly, III, an orthopedic surgeon.  Dr. Dannelly diagnosed Patton with a right-arm bicep tendon rupture and a subsequent MRI revealed a tear in Patton's right pectoral muscle.  Dr. Dannelly calculated a permanent partial disability impairment rating of 55% (25% for loss of arm motion and 15% each for the bicep tendon rupture and pectoral muscle rupture).

Patton was then transferred to another orthopedic surgeon, Dr. Paul Morin, for care.  Dr. Morin concurred with Dr. Dannelly that Patton's injuries were consistent with a rupture of the long head of the biceps.  Eventually Dr. Morin opined that Patton had "ongoing discomfort secondary to a biceps tendon rupture as well as bilateral carpal tunnel syndrome" and that "the carpal tunnel on the right was secondary to his fall and the carpal tunnel on the left was not."  Dr. Morin calculated Patton's permanent partial disability rating at 60% (20% for the biceps tendon rupture and 40% for the severe compression of the median nerve in the wrist).  Dr. Morin gave his opinion to employer's counsel that Patton's "underlying carpal tunnel disease" was "aggravated" and "exacerbated" by his accident.

Dr. Joseph Moskal evaluated Patton one time, reviewed additional medical records and stated his opinion to employer's

-

counsel that Patton's bilateral carpal tunnel syndrome was independent from the work injury to his right arm.

Patton sought an award of medical benefits and compensation for various periods of disability. He also sought an award of permanent partial disability to his right arm. The deputy commissioner concluded that Patton had pre-existing but asymptomatic right carpal tunnel syndrome that was materially aggravated by his accident and found that a 57.5% permanent partial disability rating was warranted for the totality of Patton's injuries.

On review, the full commission affirmed the deputy commissioner's decision:

> the August 10, 1999, injury by accident materially aggravated a pre-existing condition, e.g. the claimant's right carpal tunnel syndrome. It is well settled that an accident that accelerates or aggravates a preexisting condition is compensable. Liberty Mutual Insurance Co. v. Money, 174 Va. 50, 4 S.E.2d 739 (1939); Geth v. Lake Taylor Hospital, VWC File No. 175-63-16 (September 15, 1997). The employer took the claimant as it found him, with all of his preexisting disabilities and infirmities, and is responsible for the effects of an accident that aggravated or exacerbated such preexisting condition, even if the condition would otherwise be considered an ordinary disease of life. See Ohio Valley Construction v. Jackson, 230 Va. 56, 334 S.E.2d 554 (1985) and Oliff v. Giant Food, Inc., VWC File No. 196-74-13 (October 16, 2000). We therefore reject the employer's argument that the claimant experienced a

non-compensable aggravation of his
pre-existing ordinary disease of life.

The employer now appeals to this Court.

## II.  ANALYSIS

### A.  Standard of Review

"On appeal we view the evidence in the light most favorable to [Patton], the party prevailing before the commission."  Great Eastern Resort Corp. v. Gordon, 31 Va. App. 608, 610, 525 S.E.2d 55, 56 (2000).  "[D]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court."  Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 673, 508 S.E.2d 335, 340 (1998).  Unlike questions of fact, however, we review questions of law de novo.  Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996) (citing City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985)).

### B.  Compensability of a Pre-existing Ordinary Disease of Life

The first issue raised on appeal is purely a question of law.  Does Virginia law allow a claimant who sustains an initial compensable injury by accident to recover disability benefits for that portion of the disability resulting from aggravation, by the accident, of an ordinary disease of life?[1]

---

[1] Employer does not contest that the injury to Patton's shoulder when he fell on the tire was a compensable injury by accident.  Code § 65.2-400(c) plainly provides that carpal tunnel syndrome is not an occupational disease, but an "ordinary disease of life as defined in § 65.2-401."

-

The general rule, followed by a majority of states, is that "[p]reexisting disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought."  1 A. Larson & Lex K. Larson, Larson's Workers' Compensation Law § 9.02[1] (2002) (citations omitted).  According to Professor Larson this rule is widely accepted, though he notes that Virginia is among a small minority of states that does not follow it.  Id. at § 9.02[4] n.22 (citing Ashland Oil Co. v. Bean, 225 Va. 1, 300 S.E.2d 739 (1983), as contra authority); Nycum v. Triangle Dairy Co., 712 P.2d 559 (Idaho 1985).

The employer contends that the Supreme Court of Virginia's ruling in Ashland Oil bars Patton's recovery in this case.  The claimant in Ashland Oil, a gas-station attendant who was required to stand during her entire six or eight hour shifts, sought compensation for disability resulting from "occupational disease," specifically, bunions on her feet.  The full commission "found that Bean 'became disabled as a result of inflammation of a pre-existing bunion on her left foot'" and entered an award in her favor because "the claimant's pre-existing condition was aggravated by her work to the point that it became disabling."  225 Va. at 3, 300 S.E.2d at 739.  On appeal, the Supreme Court of Virginia reversed, holding that

-

Bean's bunions could not have been a compensable occupational disease because they pre-existed her employment and thus did not arise out of her employment. Id. at 3, 300 S.E.2d at 740.

In sustaining Patton's claim in the case at bar the full commission stated the general principle of Ashland Oil, but concluded that Ashland Oil was inapplicable in this case because Patton's claim was not an occupational disease claim under Code § 65.2-400. We agree, and find that other precedent controls this case.

In Justice v. Panther Coal Co., 173 Va. 1, 2 S.E.2d 333 (1939), the Supreme Court of Virginia described "[t]he general rule . . . that [a] causal connection is established when it is shown that an employee has received a compensable injury which materially aggravates or accelerates a pre-existing latent disease." Id. at 6-7, 2 S.E.2d 336; see also Liberty Mutual Insurance Co. v. Money, 174 Va. 50, 4 S.E.2d 739 (1939); Bartholow Drywall Co. v. Hill, 12 Va. App. 790, 794, 407 S.E.2d 1, 3 (1991) ("Where a causal connection between the initial compensable injury and the subsequent injury is established, . . . the subsequent injury 'is treated as if it occurred in the course of and arising out of the employee's employment.'" (quoting Leonard v. Arnold, 219 Va. 210, 214, 237 S.E.2d 97, 100 (1977))). The Supreme Court reaffirmed this principle in Ohio Valley Construction Co. v. Jackson, 230 Va. 56, 334 S.E.2d 554 (1985), holding that "[w]hen an injury sustained in an

-

industrial accident accelerates or aggravates a pre-existing condition, death or disability resulting therefrom is compensable under the Workers' Compensation Act."  Jackson, 230 Va. at 58, 334 S.E.2d at 555.

The distinction between the Ashland Oil line of cases and Ohio Valley Constr. Co. and its progeny rests on the occurrence of an intervening compensable injury by accident.  "In order to recover benefits for an injury under the Workers' Compensation Act, the employee must have suffered an "'injury by accident arising out of and in the course of the employment.'"  Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 167, 543 S.E.2d 619, 621 (2001) (quoting Code § 65.2-101).  In Ashland Oil, the claimant was denied compensation because her bunions were a pre-existing condition aggravated by her working conditions (standing for long periods of time), not the result of a compensable injury by accident.  In Ohio Valley Constr. Co., as in the case at bar, the claimant suffered a compensable injury by accident which aggravated a latent, but pre-existing, condition (spinal stenosis and carpal tunnel syndrome respectively, both of which are an ordinary disease of life). In other words, Virginia law does not allow compensation for a pre-existing ordinary disease of life that is aggravated simply by a claimant's working conditions; however, it does permit recovery when a compensable injury by accident aggravates a pre-existing, latent ordinary disease of life.

-

This legal dichotomy is not unique to Virginia. In Nelson v. Ponsness-Warren Idgas Enter., 879 P.2d 592 (Idaho 1994), the Supreme Court of Idaho reversed an award of compensation for a claimant's carpal tunnel syndrome, because Idaho case law "recognizes compensability for aggravation of an underlying disease, but only if such aggravation results from an industrial accident." Id. at 595 (citing Nycum, 712 P.2d at 563.). The Nelson court held that the aggravation of the claimant's carpal tunnel syndrome was not compensable because it was not attributable to "an accident reasonably located as to time when and place where it occurred." Nelson, 879 P.2d at 596; see also Cutsinger v. Spears Mfg. Co., 50 P.3d 479 (Idaho 2002).

The deputy commissioner found, and the commission agreed, that Patton "had pre-existing but asymptomatic right carpal total [sic] syndrome that was materially aggravated by the August 10, 1999, injury." The commission then properly distinguished between Ashland Oil and Ohio Valley Constr. Co.. The occurrence of the injury by accident to claimant's shoulder also aggravated a previously existing ordinary disease of life (carpal tunnel syndrome) and thereby made the carpal tunnel syndrome compensable. See Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 428 S.E.2d 32 (1993) (upholding an award to a claimant where the medical evidence showed "that the injury to claimant's back aggravated a quiescent condition of arthritis in the left hip").

-

## C.  Support by Credible Evidence

On appeal, the commission's factual findings are conclusive and binding on this Court if supported by credible evidence. Code § 65.2-706; Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).  The principle is well established that "'[m]edical evidence is . . . subject to the commission's consideration and weighing.'"  City of Richmond Fire Dep't v. Dean, 30 Va. App. 306, 313, 516 S.E.2d 709, 712 (1999) (quoting Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991)).

Dr. Moskal and Dr. Dannelly both agreed that Patton's injury did not cause his carpal tunnel syndrome.  However, neither doctor addressed whether the accident aggravated his condition.  Dr. Morin's opinion was that Patton's bilateral carpal tunnel syndrome predated the accident but that the accident likely "exacerbated" the carpal tunnel in his right arm.  Further, Dr. Morin gave his opinion "to a reasonable degree of medical certainty that the accident . . . aggravated his underlying carpal tunnel disease . . . ."  Patton testified that he had no problems whatsoever with his right arm prior to the accident.

"Traditional principles dictate, both in the civil and criminal law, that the determination of a witness' credibility is within the fact finder's exclusive purview because [the fact finder] has the best opportunity to observe the appearance and

-

demeanor of the witness."  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987) (alteration in original).  Furthermore, "[d]ue process of law requires that, where credibility is at issue, the administrative agency making the finding must have the benefit of the impressions of persons who heard the testimony of the witness."  Id.  The deputy commissioner gave great probative weight to Patton's testimony, and the commission agreed with that assessment.  We, likewise, find there is credible evidence in the record, through the testimony of Patton and Dr. Morin's opinion, to support the commission's findings of fact.

### III.  CONCLUSION

For the reasons previously stated, we hold that Patton's pre-existing right side carpal tunnel syndrome is compensable because it was aggravated by his compensable injury by accident. We also find there was credible evidence to support the decision of the commission.  The commission's decision is therefore affirmed.

Affirmed.

-