COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Humphreys and Beales


NANCY KATHRYN HAUSSMANN

                                              MEMORANDUM OPINION[*]
v.        Record No. 0860-08-2                      PER CURIAM
                                               SEPTEMBER 23, 2008
UNIVERSITY OF VIRGINIA HOSPITAL/
  COMMONWEALTH OF VIRGINIA


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Nancy K. Haussmann, *pro se*, on brief).

                (Robert F. McDonnell, Attorney General; Maureen Riley Matsen,
                Deputy Attorney General; Peter R. Messitt, Senior Assistant
                Attorney General; Donald G. Powers, Senior Assistant Attorney
                General, on brief), for appellee.


        Nancy Kathryn Haussmann (claimant) appeals a decision of the Workers' Compensation

Commission finding that (1) her asthma and allergies constituted ordinary diseases of life to

which the general public is exposed and, therefore, Code § 65.2-401 is applicable; (2) she failed

to prove by clear and convincing evidence that the conditions of her workplace caused her

asthma and allergies; and (3) "at best, [her] condition is an aggravation of her pre-existing

asthma and allergies, [ordinary diseases of life]," and, therefore, is not compensable under

Ashland Oil Co. v. Bean, 225 Va. 1, 300 S.E.2d 739 (1983).  Notwithstanding claimant's failure

to bring her opening brief into compliance with Rule 5A:20(c) and (d), we have reviewed the

record and the commission's opinion and find that this appeal is without merit.  Accordingly, we

affirm for the reasons stated by the commission in its final opinion.  See Haussmann v. Univ. of

Va. Hosp./Commonwealth of Va., VWC File No. 229-92-87 (Mar. 4, 2008).  We dispense with

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.[1]

Affirmed.

---

[1] In summarily affirming the commission's decision, we considered only that evidence properly before the commission when it rendered its decision and part of the record before us on appeal.

In her opening brief claimant requests that the "district attorney's office," we presume she means the Attorney's General's Office, remove itself as legal counsel for appellee. That issue was not raised before the commission, and we will not consider it for the first time on appeal. See Rule 5A:18. Claimant does not argue that we should invoke the exceptions to Rule 5A:18, and "[w]e will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

We find no merit in claimant's request that this case be sent back to the commission to "have the hearing reconsidered on the basis of an 'accident.'" The hearing transcript reflects that the deputy commissioner allowed claimant's claim to proceed under both an accident and disease theories, although claimant provided no specific date. In his opinion, the deputy commissioner took cognizance of employer's defenses of no compensable injury by accident and no compensable occupational disease or ordinary disease of life, and then addressed the issue of whether the claim qualified as a compensable occupational disease or ordinary disease of life, implicitly rejecting the claim as a compensable injury by accident. On review, claimant asserted she did not understand the difference between an "accident or injury case" versus an "occupational disease or compensable ordinary disease of life," and requested an appeal, asserting that her fungus mycosis "should be called in legal terms an accident or injury case." The full commission noted claimant's assertion that she did not understand the proceedings and the scope of the evidence that was presented and could have been presented had she understood, and then denied the claim, analyzing claimant's condition as an ordinary disease of life, again thereby implicitly rejecting claimant's contention that she sustained an "injury" or "accident." After the full commission rendered its March 4, 2008 opinion, claimant did not file a timely motion for rehearing or reconsideration to request a rehearing on an "accident" theory. Now, for the first time on appeal, claimant specifically requests that the case be re-heard by the commission on the accident theory. We will not consider that request for the first time on appeal. See Rule 5A:18. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. The commission considered that theory and implicitly rejected it. Furthermore, we cannot say as a matter of law that claimant's evidence sustained her burden of proving a compensable injury by accident.

In light of our summary affirmance of the commission's decision, we deny claimant's request for a one-month delay to correct any paperwork not filed correctly. Finally, because in summarily affirming the commission's decision, we have considered all matters raised in claimant's motion filed on July 14, 2008, we decline to otherwise address that motion.