COURT OF APPEALS OF VIRGINIA

Present:  Judges Russell, Chafin and Senior Judge Clements
Argued at Richmond, Virginia

TED WILLIAMS

                                                      MEMORANDUM OPINION* BY
v.        Record No. 0120-18-2                        JUDGE JEAN HARRISON CLEMENTS
                                                      OCTOBER 2, 2018
LOWE'S HOME CENTERS, INC./
  LOWE'S HOME CENTERS, LLC

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

William C. Carr, Jr. (Jeremiah L. White; Geoff McDonald &
Associates, P.C., on brief), for appellant.

Ciara Wren Malone (Franklin & Prokopik, P.C., on brief), for
appellee.

Ted Williams (claimant) challenges the ruling of the Workers' Compensation

Commission that the evidence in the record was not sufficient to prove that the need for the

vagus nerve stimulation operation performed on claimant in 2017 was causally related to his

2013 compensable injury by accident.  We affirm the Commission's ruling.

Under well-established principles, this Court construes the evidence in the record, and all

reasonable inferences, in the light most favorable to the employer, as it prevailed below.  See

Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 474, 624 S.E.2d 681, 682 (2006).

"Decisions of the commission as to questions of fact, if supported by credible evidence, are

conclusive and binding upon this Court."  VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572

S.E.2d 510, 511 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147,

────────────────────

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

152 (1997)).  Questions regarding "the causation, nature, and extent of disability" are issues of fact.  United Airlines, Inc. v. Hayes, 58 Va. App. 220, 237, 708 S.E.2d 418, 426 (2011).

The evidence in this case established that claimant suffered from epilepsy as a child and had a temporal lobectomy in 1994 when he was twenty-two years old.  Claimant had one seizure in 2009.  In March 2013, while working at Lowe's, claimant was injured when a cart fell on his head at the site of his lobectomy.  Claimant then began to experience auras, accompanied by a flushing sensation in his face and a ringing in his ears, but he did not have convulsions or lose consciousness.  Claimant was treated at the Virginia Commonwealth University Medical Center Department of Neurology (VCU).  The Commission awarded claimant various periods of temporary partial disability benefits and reasonable, necessary, and causally related medical treatment for his compensable head injury beginning March 16, 2013.

During an evaluation at VCU on February 2, 2015, claimant reported that he was having spells of "sudden crying for no reason," which had "disrupted his daily activities."  On March 25, 2015, a doctor at VCU noted that claimant was experiencing crying spells almost daily and that the spells had an "unclear etiology," but appeared "susp[i]cious for seizure."  On May 13, 2015, another doctor at VCU recommended that claimant seek a second opinion because VCU was unable to determine the cause of the crying spells.

Claimant was evaluated at the Cleveland Clinic Hospital in July 2015.  The medical notes reflect that after a head injury, claimant had experienced "recurrence of seizures in the 1st year – mostly 'auras'" and "after the first year started to have his crying seizures."[1]  Claimant was diagnosed with focal epilepsy.  On May 5, 2017, a neurologist at the Cleveland Clinic opined

---

[1] Claimant states that the crying spells began a month after his 2013 head injury, but two doctors who examined claimant in 2013 did not include any information about these spells in their reports.  The doctor who evaluated claimant on May 5, 2017, indicated in his report that the crying spells began six months after claimant's head injury.

that the crying spells were epileptic, but their relation to claimant's 2013 head injury was "not clear . . . at all." A second doctor agreed that the crying episodes were "highly suspicious of being epileptic in nature." Claimant underwent surgery on June 15, 2017, to implant a vagus nerve stimulator for his "intractable epilepsy."

Claimant filed a claim for benefits on May 31, 2017, requesting payment and authorization of a vagus nerve stimulation with subsequent follow-up treatment as recommended by the Cleveland Clinic. Lowe's responded that there were no medical reports causally relating the requested treatment to the work accident or showing that the treatment was necessary and reasonably related to the accident. A deputy commissioner conducted an on-the-record hearing on August 22, 2017, and denied the claim. Claimant appealed to the full commission, which affirmed the deputy's decision. The Commission found that claimant had not proved that the medical treatment for which he sought payment was causally related to his work injury. Claimant then appealed to this Court.

Generally, a "causal connection is established when it is shown that an employee has received a compensable injury which materially aggravates or accelerates a pre-existing latent disease." Blue Ridge Mkt. of Va. v. Patton, 39 Va. App. 592, 598, 575 S.E.2d 574, 577 (2003) (quoting Justice v. Panther Coal Co., 173 Va. 1, 6-7, 2 S.E.2d 333, 336 (1939)). See Ohio Valley Construction Co. v. Jackson, 230 Va. 56, 58-59, 334 S.E.2d 554, 555-56 (1985) (affirming compensation award where medical evidence established that claimant's dormant pre-existing spinal stenosis was aggravated by his injury at work). Claimant argues that the Commission erred in denying his claim because his crying spells began after he hit his head at work and thus are causally related. However, the medical evidence presented to the Commission did not show the requisite connection. Claimant experienced auras soon after he hit his head at work, but the crying spells began later. Claimant's doctors at VCU noted that the crying episodes were

"susp[i]cious for seizure," but their examinations "thus far ha[d] not revealed an underlying objective abnormality associated with these spells and the[re]fore the exact etiology of these remain[ed] elusive." Similarly, claimant's doctors at the Cleveland Clinic determined that the crying spells were "highly suspicious of being epileptic in nature," but their relation to claimant's traumatic head injury was "not clear . . . at all." Accordingly, the record supports the Commission's ruling that claimant did not meet his burden to prove that the need for surgery and ongoing treatment at the Cleveland Clinic was causally related to his 2013 work injury.

Claimant further contends that he should not be denied further treatment simply because his doctors could not determine a causal connection between his crying spells and his work injury. However, it was claimant's burden to provide evidence that established a connection. See Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). Further, when medical issues are complex, as in this case, causation must be determined by a medical expert. See Strictly Stumps, Inc. v. Enoch, 33 Va. App. 792, 796, 537 S.E.2d 19, 21 (2000). There are statutory exceptions that relieve claimants of the burden of proving causation, but none apply here. See Code §§ 65.2-105 (presumption that injury arose out of and in the course of employment for employees who are physically or mentally unable to testify or have died at work); 65.2-402 (firefighters or hazardous materials officers developing respiratory diseases, hypertension or heart disease, or certain cancers); 65.2-402.1 (death or disability from infections disease); 65.2-504 (coal worker's pneumoconiosis); 65.2-513 (coal worker's death from occupational lung disease). Adopting claimant's argument would create a new presumption, which is the "prerogative of the legislative branch of government," not this Court. Pinkerton's, Inc. v. Helmes, 242 Va. 378, 381, 410 S.E.2d 646, 648 (1991).

For these reasons, we affirm the Commission's denial of the claim for benefits.

Affirmed.